---
Cottrell *v.* Rogers.
---

COTTRELL　*v.*　ROGERS.

*(Knoxville.*　October　6,　1897.)

1. HOMESTEAD.　*Wife's right preserved.*

The wife's right of homestead in the tract of land occupied by the family as a homestead, is not affected by the husband's conveyance of the tract without her joinder in the deed, followed by their subsequent joint conveyance of the husband's other lands of greater value than one thousand dollars. (*Post, pp. 491, 492.*)

Cases cited: Hildebrand *v.* Taylor, 6 Lea, 659; Enochs *v.* Wilson, 11 Lea, 228; Rayburn *v.* Norton, 85 Tenn., 351.

2. SAME.　*Husband has power to convey part of home place.*

The husband can, without the wife's joinder in the deed, convey part of a farm occupied as a homestead, provided the unsold portion is worth one thousand dollars. (*Post, pp. 492, 493.*)

3. SAME.　*Burden on wife to prove value.*

In a suit by the wife to assert homestead in part of the home tract conveyed by the husband's sole deed, the burden is upon her to prove that the unsold portion was not worth $1,000. (*Post, pp. 493–495.*)

---
FROM　CLAIBORNE.
---

Appeal from Chancery Court of Claiborne County. HUGH G. KYLE, Ch.

H. M. CARR for Cottrell.

JESSE L. ROGERS for Rogers.

McALISTER, J.    This bill was filed in the Chancery Court of Claiborne County by a married woman against her husband and the defendant, C. H. Rogers, claiming a homestead.

The facts as found by the Court of Chancery Appeals are substantially as follows: In the year 1890, S. E. Cottrell, husband of complainant, sold and conveyed to the Rogers Syndicate Land Company a tract of land situated in Claiborne County, comprising about thirty acres, for a consideration of $5,804, paid partly in cash, and notes executed for the residue. This land was a part of the home tract occupied by Cottrell and wife. Mrs. Cottrell refused to join in the deed. The land company having defaulted in meeting the deferred payments, the land was sold for balance of purchase money, when the defendant, C. H. Rogers, became the purchaser. It is admitted that after this date, to wit, on the sixteenth day of May, 1891, the said Cottrell, together with his wife, the present complainant, jointly executed a deed conveying a large boundary of mountain land to M. V. Cottrell for the consideration of $2,110.50, which has been paid. It further appears that when S. E. Cottrell sold his home place to the land company, he retained seven acres of said home place; that he also retained twenty-two acres, worth one dollar per acre, and also three acres worth five dollars per acre. It further appears that Cottrell subsequently purchased one-eighth of an acre, upon which he erected im-

provements worth about $1,000, from the money se-
cured from the land company. The portion of the
home tract sold to the land company embraced about
thirty acres, but it was conveyed in two parcels in
the deed, it being recited therein that both of said
tracts being parts of S. E. Cottrell's home place
and the land inherited by him from his father,
David Cottrell. The value of these thirty-seven acres
comprised in the home place is estimated by the
Court of Chancery Appeals to be worth at the
present time at least $1,000, and perhaps more.

As already stated, the thirty acres were sold to
the land company in 1890, for $5,804, but are now
not worth much more than $1,000. This extraordi-
nary shrinkage in value must be due to inflation in
boom times and depression following the collapse of
the boom. There is no proof, however, on this sub-
ject to be found in the record.

The Court of Chancery Appeals state, in their
opinion, that it does not appear—leaving out of view
the mountain land — that S. E. Cottrell retained a
thousand dollars worth of land after making his sale
to the land company of thirty acres of the home
place, but that Court does find that the land com-
pany at that time offered in good faith, and would
have paid Cottrell, $1,500 for the seven acres of
the home place which the latter reserved. The
mountain lands referred to were sold by Cottrell and
wife after Cottrell, the husband, had sold the thirty
acres of the home place, but, prior to the sale by

him of thirty acres of the home place, he had given an option on the mountain land to M. V. Cottrell, and had received a part of the purchase money, and the conveyance of this land was simply in execution of that agreement. The Court of Chancery Appeals further found that the seven acres of the home place retained by Cottrell are worth at this time not exceeding $250. That Court does not find what it was worth in 1890—the date of the sale of the home place—excepting the offer of the land company to pay $1,500 for it, which the Court of Chancery Appeals found was made in good faith and would have been paid.

Upon these facts the question presented is whether Mrs. Cottrell is entitled to claim a homestead in the thirty acres purchased by Rogers at the foreclosure sale.

The Chancellor allowed the homestead, and, on appeal, his decree was affirmed by the Court of Chancery Appeals. Rogers appealed to this Court, and has assigned errors. We are of opinion the decree of the Chancellor, as well as that of the Court of Chancery Appeals, was erroneous. We predicate nothing upon the fact that after the conveyance by the husband of thirty acres of the home tract, the wife joined him in conveying a body of mountain land worth more than $1,000, for, if the husband, without the joinder of the wife, conveyed away the land selected by him as the head of the family for a home, or if he conveyed a part of it,

leaving less than $1,000 in value, without the wife's consent, the wife would be entitled to recover the homestead, notwithstanding her husband still owned and retained other lands exceeding $1,000 in value.

The power to select the homestead is devolved, by the Act of 1877, upon the husband, and, after exercising the right of selection, the husband may not convey the homestead without the joinder of the wife, in the mode prescribed by the statute. So that the subsequent joining in the deed to the mountain land did not bar the wife of her right to claim a homestead in the home tract if it has been illegally conveyed. In the case of *Hildebrand* v. *Taylor*, 6 Lea, 659, it was held that the head of the family might, without his wife joining in the conveyance, make a valid mortgage of part of a farm on which he was living, provided he retained a sufficiency of the land, with improvements thereon, on which he was living, to constitute a homestead, etc. Again, it was held by this Court, in *First National Bank* v. *Meacham*, that, when the head of the family owns several tracts of land, and resides with his family upon one of them worth as much as $1,000, he may convey the other tracts free of the homestead right. It was also held in said cause, that if the husband is the owner of a single tract exceeding in value $1,000, upon which he resides, he may sell off portions of it, provided he retains a homestead worth $1,000. *Enochs* v. *Wilson*, 11 Lea, 228; *Rayburn* v. *Norton*, 1 Pickle,

351.   It must be manifest, from these authorities, that the determinative question in this case is whether the seven acres of the home place, reserved by S. E. Cottrell when he sold off the thirty acres, were worth as much as $1,000.   If so, he had the unquestionable right to sell the thirty acres without the joinder of his wife in the conveyance.

On this subject the finding of the Court of Chancery Appeals is as follows: "From these facts [after reciting them] we are bound to infer that in 1890 the thirty acres of the home place were sold to the Rogers Syndicate Land Company for its value ($5,804), but we cannot entertain the same inference as to the remaining seven acres.   Standing alone, the agreement as to what Mr. C. H. Rogers would testify about this $1,500 offer perhaps would be sufficient to establish the proposition that the remaining seven acres were at that time worth the amount he offered; but Mrs. Cottrell, the complainant, on cross-examination, was expressly questioned upon this point, and she said that the $1,500 was a good deal more than the land was worth; so that the proof is in this condition, and we are unable to say what the seven acres were worth in 1890. Therefore, leaving out of view the mountain land referred to, it does not appear that Cottrell retained a thousand dollars' worth of land after making his sale to the Rogers Syndicate Land Company of thirty acres, above mentioned."

We are unable to concur in the conclusion of

law drawn by the Court of Chancery Appeals from the facts as ascertained by them. That Court found that it was agreed by counsel that C. H. Rogers, if living, would testify that the Rogers Syndicate Land Company, at the time it purchased the thirty acres of the home tract, in 1890, offered $1,500 for the remaining seven acres; that the offer was made in good faith, and if it had been accepted the money would have been paid. As already seen, the Court of Chancery Appeals find that, standing alone, this offer perhaps would be sufficient to establish the proposition that the remaining seven acres were at the time worth this amount, but the complainant, Mrs. Cottrell, had testified that the land, at that time, was not worth so much as $1,500. Therefore, in the absence of other testimony on the subject, that Court is unable to say what amount the seven acres were worth in 1890. We think, upon the facts stated, the burden of proof devolved upon Mrs. Cottrell, the complainant, to show that the offer of $1,500, made in good faith, and which would have been paid had it been accepted, was more than the land was worth. It was not only incumbent upon her to show this, but, in addition, to show that the land was worth less than $1,000. This she has failed to do, and we are constrained to hold that the offer of $1,500, made for the land in 1890 by the Rogers Syndicate Land Company, makes out a *prima facie* valuation. It follows that S. E. Cottrell, having retained seven acres of the

Cottrell *v.* Rogers.

home tract, apparently worth $1,500, he had a right to convey the thirty remaining acres without the joinder of his wife in the conveyance.

Reverse the decree of the Court of Chancery Appeals and dismiss complainants' bill with costs.