THE CITY OF CHICAGO, Appellee, *vs.* AUGUSTA LEHMANN,
Appellant.

*Opinion filed February 21, 1914—Rehearing denied April 8, 1914.*

1. EMINENT DOMAIN—*question whether particular property is
necessary for public use is for the courts.* The question whether
the power of eminent domain shall be conferred upon corporations
or municipalities to appropriate private property for public use is
legislative and not subject to interference by the courts, but the
question whether the particular property is necessary for the pub-
lic use is for the courts, and if the necessity does not exist the
property cannot be taken.

2. SAME—*determination of a petitioner to take property is not
conclusive of the necessity.* If the determination of a corporation,
private or municipal, to take the property of a citizen conclusively
settled the question of the necessity of the taking the owner would
be without the protection to which he is entitled, and the law
would not require any averment of necessity but only an allega-
tion of intention to take the property.

3. SAME—*owner may challenge right to take property by deny-
ing the averment of necessity.* In a condemnation proceeding the
owner may challenge the petitioner's right to take the property by
denying the averment of necessity, and the issue so made is a pre-
liminary one, to be decided by the court.

4. SAME—*burden is on petitioner to prove necessity if aver-
ment is denied.* If the averment of necessity in a condemnation
petition is denied by the defendant the burden is upon the peti-
tioner to establish the fact, and it is error for the court to find
that issue for the petitioner with no evidence of any reasonable
necessity to take the property.

5. SAME—*courts will not tolerate abuse of power of eminent
domain.* The question of the necessity of taking the particular
property is left by the courts largely to the discretion of the pe-
titioner, but that discretion is subject to review by the courts for
an abuse of power, which will not be tolerated.

6. SAME—*when opinions of witnesses are not expert testimony.*
The opinions of witnesses testifying to value in a condemnation
proceeding cannot be said to be expert testimony based upon hy-
pothetical states of fact, where the witnesses are not persons who
have acquired ability to deduce correct inferences from hypothet-
ically stated facts or from facts involving scientific or technical
knowledge, but are alleged to have gained, by practical experience,
special knowledge of property, so that they can testify to facts
known to them from experience.

7. SAME—*what cross-examination of the witnesses is proper.* Where witnesses for the petitioner testify that the property is adapted to the erection of flat-buildings at a moderate cost, to be rented, and state that they fixed the value upon the basis that the property would be used for that purpose, the defendant has a right to test the value of their opinions by cross-examining them as to the cost of erecting such flat-buildings as they contemplated and the income that would be derived therefrom.

8. SAME—*verdict and judgment in former condemnation of adjoining land not admissible.* In a condemnation case, evidence of other sales of neighboring property is admissible when such sales were made in the open market and under circumstances where the owner and purchaser could agree upon the price, but the verdict and judgment in a former proceeding condemning adjoining lots are not admissible.

9. SAME—*when the proof of bona fide cash offers is admissible.* Actual sales of property in the vicinity of that condemned, and similarly situated, are the best evidence, but in the absence of such evidence *bona fide* offers to purchase for cash, made before there is any proposition to take the property for public use and by persons able to buy, are some evidence of what the property would sell for and are competent evidence. (*Sherlock* v. *Chicago, Burlington and Quincy Railroad Co.* 130 Ill. 403, explained.)

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

SMITH & WALLACE, for appellant.

RICHARD S. FOLSOM, and ANGUS ROY SHANNON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The city of Chicago, appellee, filed its petition in the circuit court of Cook county to ascertain the just compensation to be paid to Augusta Lehmann, appellant, for four lots in a block between Sixty-second and Sixty-third streets, in the city of Chicago, two of the lots fronting on Stony Island avenue and two on Jefferson avenue, with a combined frontage of one hundred feet on each avenue and

a length of three hundred feet. The petition alleged that the premises were necessary for public school grounds, together with suitable out-houses and playgrounds in connection therewith, and the premises adjoined fourteen lots previously acquired by the city from the defendant by condemnation, on which a school building had been erected. The defendant traversed the allegation of the petition that the premises were necessary for the purpose specified. On the trial of that issue the petitioner offered in evidence a report of a committee of the board of education that the committee had been unable to agree with the defendant on the compensation and a recommendation that the title be acquired under the Eminent Domain law, and evidence that the report and recommendation were adopted by the board of education, whereupon the court found the issue for the petitioner and ordered a jury. The jury returned a verdict fixing the compensation at $17,000, and the court entered judgment on the verdict.

The petition alleged that the lots were necessary for the public use specified, and that was a material allegation which was denied by the defendant. The question whether the sovereign power of eminent domain shall be conferred upon corporations or municipalities to appropriate private property for public use is legislative and not subject to interference by the courts, (*Chicago, Rock Island and Pacific Railroad Co.* v. *Town of Lake*, 71 Ill. 333,) but the question whether the particular property sought to be appropriated is necessary for the public use is for the courts. If the necessity does not exist the land cannot be taken, and the property owner would be without the protection to which he is entitled if the determination of a corporation, private or municipal, to take his property conclusively settled the necessity of the taking. If that were so, the law would not require any averment of necessity but only an allegation of intention to take the property. The owner of property may challenge the right to take it by denying the

averment of necessity, and the issue so made is a preliminary one, to be decided by the court. (*O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 Ill. 151.) Under every rule of pleading the burden was upon the petitioner to introduce such evidence as would *prima facie,* at least, prove the disputed averment. The essential preliminary requisite being the necessity for the appropriation of the land, and that fact being affirmed by the petitioner and denied by the defendant, the burden rested upon the petitioner to show the fact. That is not only in conformity with rules of pleading, but it has been established by the authorities and assumed in all cases in this court. (2 Lewis on Eminent Domain,—3d ed.—secs. 602-609; *O'Hare* v. *Chicago, Madison and Northern Railroad Co. supra; Tedens* v. *Sanitary District of Chicago,* 149 Ill. 87; *Eddleman* v. *Union County Traction Co.* 217 id. 409; *Prather* v. *Chicago Southern Railway Co.* 221 id. 190; *Smith* v. *Claussen Park Drainage District,* 229 id. 155; *Bell* v. *Mattoon Water-Works and Reservoir Co.* 245 id. 544.) In determining the issue the question of necessity is largely left to the determination of the corporation, but that determination is subject to the right of judicial review and revision for an abuse of the power, which will not be tolerated. If it appears that the quantity of the property sought to be taken is grossly in excess of the amount necessary for the public use the right to take it will be denied. (*Schuster* v. *Sanitary District of Chicago,* 177 Ill. 626.) The averment that the petitioner had attempted to agree with the defendant on the amount of compensation and that no agreement was reached was not denied and there was no issue on that question. The court erred in finding the issue made in favor of the petitioner, with no evidence of a reasonable necessity, or any necessity whatever, to take the property for the public use.

On the trial before the jury the petitioner examined four witnesses who are called experts, but that is a mis-

nomer, as their opinions of value were in no sense expert testimony based upon hypothetical states of fact. (*Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231.) They were not witnesses who had acquired ability to deduce correct inferences from hypothetically stated facts or from facts proved involving scientific or technical knowl-edge, but were alleged to have gained, by practical experi-ence, special knowledge of property, so that they could testify to facts known to them from experience. The value of the property was a fact to be proved, and anyone hav-ing knowledge of the fact was competent to testify to it. The weight to be given such testimony is to be determined largely by the experience of the witness and his opportuni-ties for observation as to values, and these witnesses were presented to the jury as having a special knowledge and ex-perience as to values of property in Chicago. They had had large experience in the real estate business in that city but had no special knowledge of the locality in question and had not known of any sale or real estate transaction in the neighborhood. They went to the locality, observed ap-pearances and surroundings, and testified that the lots front-ing on Stony Island avenue were worth $9000 and the lots fronting on Jefferson avenue $6000 and the total $15,000. There was perfect uniformity in their testimony, without a variation even of the smallest amount. The lots were va-cant, and these witnesses all testified that the natural use for which they were adapted was the erection of flat-build-ings at a moderate cost, to be rented, and that the values testified to by them were fixed with a view to that use. The court refused to permit the defendant to cross-examine them as to the cost of erecting such flat-buildings as they contemplated, in fixing their values and the income that would be derived from the lots when put to that use. Coun-sel for the petitioner regard the proposed examination as coming within the rule that purely imaginary schemes or possible plans are not admissible in evidence, under the rule

stated in *Sexton* v. *Union Stock Yard and Transit Co.* 200 Ill. 244, *Martin* v. *Chicago and Milwaukee Electric Railroad Co.* 220 id. 97, and *Pullman Co.* v. *City of Chicago,* 224 id. 248. But the conditions were not the same as in those cases. The witnesses said that this property was adapted to the particular use to which it would undoubtedly be devoted, and they fixed the values upon the basis that it would be used for that purpose. In order to test the value of their opinions it was competent to show the income that would be derived from the property on their theory, since it appeared from the testimony of the witnesses, as well as from common experience, that values are largely controlled by income.

The court did not err in refusing to permit proof of the verdict and judgment in the previous condemnation of the fourteen lots. Evidence of other sales is competent when limited to such as are made in the open market and under circumstances where the owner and purchaser agree upon the price, but the offered evidence did not come within that rule.

The defendant produced four real estate dealers, two of whom lived in the neighborhood. All were familiar with the district and had done business there, one of them for seventeen years. Two of them had offices on Sixty-third street, and these witnesses testified that the property was worth from $23,000 to $25,000 and that the lots fronting on Stony Island avenue were worth $150 a front foot. There had been no sales in the vicinity of the property, so that the jury did not have the benefit of that test of the value, but the defendant offered to prove by three of the witnesses that each had received actual, *bona fide* cash offers from purchasers before the proceeding for condemnation and within eighteen months. These offers were to buy parts of the property, with from twenty-five to fifty feet frontage, at $150 a foot, and the court refused to admit the evidence. In *Sherlock* v. *Chicago, Burlington and Quincy*

*Railroad Co.* 130 Ill. 403, the trial court had permitted testimony of a real estate dealer that he had in charge a lot which he was offering in the market for sale at a certain price, and it was held error to admit the testimony. That would be true, because it involved nothing but the valuation of the owner on his own property, and an owner cannot make evidence for himself of the cash market value of his property in that way. Actual sales are the best evidence, but in the absence of such evidence *bona fide* offers to purchase for cash are some evidence of what the property would sell for. That cannot be denied if the offers are *bona fide* and made before there is any proposition to take the property for public use. If such an offer should be accepted and a sale made, the purchaser would have a right to prove what he paid for the property in determining its value. Courts differ as to the admissibility of such evidence, and in several States sales of similar property at or about the time of the taking cannot be proved, while we regard evidence of such sales as of material value. A sale, like an offer, may be for a particular purpose or reason at a price above market value, but in every case the circumstances are open to investigation. The *bona fides* of an offer and the weight to be given to the evidence are questions for the jury. There ought to be great liberality in admitting evidence to enable the jury to correctly determine value, and we have permitted great freedom in receiving opinion evidence on that subject. We prefer the rule that under circumstances like those existing here, offers proved to be *bona fide,* and by persons able to buy, are admissible in evidence. (*Muller* v. *South Pacific Branch Railroad Co.* 83 Cal. 240; *Cottrell* v. *Rogers,* 99 Tenn. 488; *Faust* v. *Hosford,* 119 Iowa, 97; 16 Cyc. 1135.) The offers were distinct offers from different persons, and the court erred in excluding the evidence.

The judgment is reversed and the cause remanded.