THE NORTHWEST PARK DISTRICT, Appellee, *vs.* JAMES
W. HEDENBERG, Appellant.

· *Opinion filed April 22, 1915.*

1. EMINENT DOMAIN—*a petition should allege that property is
necessary for the public use specified.* A petition to condemn land
for a park should allege that the property sought to be condemned
is necessary for the public use specified.

2. SAME—*question of the petitioner's abuse of power is a pre-
liminary one.* The question of abuse of power by the petitioner in
condemning property for a park is a preliminary one, to be heard
by the court before the jury trial.

3. SAME—*when motion to dismiss petition should be allowed.*
A motion to dismiss a condemnation petition upon the ground that
the land sought to be condemned is not necessary for the public
use should be allowed, where the petition does not clearly allege
the necessity for the use of the property and no evidence is offered
showing such necessity.

4. APPEALS AND ERRORS—*abstract of record must be assumed to
be correct.* The abstract of record filed by the appellant must be
assumed by the Supreme Court to be correct, as it is the duty of
the appellee, if such abstract is incorrect or insufficient to present
the errors relied upon, to prepare and file an additional abstract.

5. SAME—*when party cannot raise question that bill of excep-
tions was not signed by right judge.* Where a bill of exceptions
signed by a certain judge and containing a statement that it con-
tains all the evidence heard on the trial is O. K.'d by counsel, who
also signs a stipulation that such bill of exceptions may be incor-
porated into the record instead of a copy, the party represented by
such counsel cannot raise the question that another judge, who did
not sign the bill of exceptions, heard a part of the evidence, there
being nothing in the abstract to show that such was the fact.

6. EVIDENCE—*evidence as to long-term leases of other property
may or may not be competent in condemnation.* In a condemna-
tion case, evidence as to long-term leases of property other than
that condemned, or the rental value of other property, may or may
not be competent, depending upon the degree of similarity between
the properties and the nearness in respect to time and distance;
but a lease for a term of fifteen years can hardly be said to be a
"long-term lease," as such term is ordinarily understood.

APPEAL from the County Court of Cook county; the
Hon. FRANK G. PLAIN, Judge, presiding.

BRADLEY, HARPER & EHEIM, (THOMAS E. D. BRAD-
LEY, of counsel,) for appellant.

STEDMAN & SOELKE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of Cook
county brought by the appellee district to condemn land,
including some owned by appellant, in the northwestern
portion of Chicago, for a park. From the verdict of the
jury and the judgment entered thereon as to his property
appellant appealed to this court.

The Northwest Park District is a municipal corpora-
tion organized under an act to provide for the organization
of park districts and the transfer of submerged lands to
those bordering on navigable waters, in force July 1, 1895.
(Hurd's Stat. 1913, p. 1765.) Appellant had made a con-
tract to purchase this property January 24, 1914, but the
deed conveying the same was not executed and delivered
until April 2, 1914, six days after the petition for condem-
nation was filed. Appellant thereafter filed a cross-petition
setting out his interest in the property and stating that
the land was not necessary for the public use in question.
When the case was called for trial appellant called up the
cross-petition and moved the court to dismiss the proceed-
ings for that reason. Affidavits were offered in support of
this motion, and, so far as the abstract shows, no evidence
was offered by appellee showing the necessity for taking
this property for the purposes of the district. The petition
should have alleged that the property sought to be con-
demned was necessary for the public use specified. It con-
tained no clear or specific allegation on this question and
was faulty in that regard. The motion having been made
to dismiss on the ground heretofore stated, the burden
rested upon appellee to show the necessity for taking this

land.    The question of the abuse of power by a petitioner in condemning property for park uses is a preliminary one and must be heard by the court before the jury trial.    There being no averment in the petition of necessity for the use of this property, and no proof having been offered by appellee showing such necessity, the court erred in overruling appellant's motion to dismiss the petition.    *City of Chicago* v. *Lehmann,* 262 Ill. 468, and cited cases.

Counsel for the petitioner, however, argue that this motion to dismiss was heard before Judge John E. Hillskotter while the bill of exceptions was signed by Judge Frank G. Plain, and that as no bill of exceptions as to this question was signed by Judge Hillskotter the law will presume he acted on sufficient evidence to sustain his ruling on this motion.    The abstract does not show anything as to two different judges having taken part in the trial nor as to what judge signed the bill of exceptions.    Under the rules and practice of this court the abstract must be sufficient to present every error and exception relied upon. ₍ If it is not sufficient for a full understanding of the questions presented for decision the opposite party should file a further abstract, making the necessary corrections.    The abstract on file must be assumed by this court to be accurate.    (*Gibler* v. *City of Mattoon,* 167 Ill. 18; *Rehfuss* v. *Hill,* 243 id. 140.)    Furthermore, assuming that this motion was heard and passed upon by Judge Hillskotter, the bill of exceptions containing this motion and affidavits in support is signed by Frank G. Plain as trial judge and O. K.'d as correct by counsel for appellee and states it contains all the evidence heard on the trial.    Besides, counsel also signed a stipulation that the original bill of exceptions signed by Judge Plain should be incorporated into the record instead of a copy. This being so, the conclusion is inevitable .that counsel agreed that Judge Plain should sign this bill of exceptions and that it is correct, and they cannot now raise this question.    (*Lederbrand* v. *Pickrell,* 167 Ill. 624; *Brethold* v.

*Village of Wilmette,* 168 id. 162; *Illinois Central Railroad Co.* v. *Jennings,* 229 id. 608.)   It is therefore unnecessary to consider whether counsel for appellant could raise this question for the first time in their briefs rather than on a motion to dismiss, or whether counsel for appellant is right in arguing that this question, of necessity, on account of the faulty petition herein, can be raised by a motion in arrest of judgment, regardless of any evidence submitted on the motion to dismiss.

Counsel for the appellant further argue that the court erred in refusing to admit testimony as to the valuations placed upon long-term leases for property in the vicinity of that sought to be condemned.   The property here in question was vacant and unoccupied.   Most of the evidence offered by appellant as to leasehold interests was as to property some distance away, covered with buildings.   While there should be liberality in admitting evidence to enable the jury to determine value, (*City of Chicago* v. *Lehmann, supra,*) no general rules can be laid down that will govern in all cases.   The degree of similarity that must exist between the property concerning which proof is offered and the property taken, and the nearness in respect of time and distance, are matters which must be left very largely to the sound discretion of the trial judge.   (*Aledo Terminal Railway Co.* v. *Butler,* 246 Ill. 406; *Illinois Central Railroad Co.* v. *Roskemmer,* 264 id. 103; 2 Lewis on Eminent Domain,—2d ed.—sec. 443.)   Evidence as to long-term leases of property in a great city, or as to the rental value of other property similarly situated, may or may not be competent, depending upon the particular facts of the case. Some of the leases offered here were only for fifteen years. That is hardly a "long-term lease," as the phrase is usually understood.   Under the decisions of this court, on the facts in this record we are not disposed to hold that the court erred in its rulings on the admission of evidence.   See *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider,*

127 Ill. 144; *Pullman Co.* v. *City of Chicago,* 224 id. 248; *Geohegan* v. *Union Elevated Railroad Co.* 266 id. 482.

The judgment of the county court will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*