### UNITED STATES v. SMITH.
#### No. 4602.

District Court, S. D. Texas, at Galveston.
July 31, 1930.

H. M. Holden, U. S. Dist. Atty., and Douglas McGregor and Albert Thomas, Asst. Dist. Attys., all of Houston, Tex., for the United States.

Henry Greenberg, of Galveston, Tex., for defendant.

HUTCHESON, District Judge.

Upon the trial of the above cause the United States, over the objection of the defendant that the admission of such evidence would be in violation of the Fourth and Fifth Amendments to the Constitution of the United States, offered evidence of an entry into, sales of liquor occurring therein, and subsequent search of premises.

The evidence was received subject to the objection, and briefs were invited on the point made by the defendant that the officers having obtained entrance to the premises upon the fraudulent device of pretending to be customers, such entry and the search which followed it was an unreasonable search and resulted in compelling the defendant to give evidence against himself.

The following statement of the evidence in the brief of the United States I find to be substantially correct:

"On February 13, 1930 Federal Prohibition Agents L. H. Tyson and James A. Fisch went to the doorway of 116½ Twentieth Street, Galveston, Texas this doorway leading to a stairway that gave access to the upper story of a two-story brick building owned by the John Holman Real Estate Company, Galveston, Texas, and rented by this company to the defendant C. H. Smith, alias W. S. Robie under the name of W. S. Robie for $50.00 per month, and the door of this doorway being locked, the agents rang the door bell. A man who the agents later learned to be C. H. Smith alias W. S. Robie stuck his head over the banisters of the stairway well and looked through the glass in the door, then pressed a button which apparently released an electric lock on the door, causing the door to open. Agents Tyson and Smith proceeded to the head of the stairway where they were stopped by the defendant and questioned as to what they desired. Agent Tyson told the defendant that they wanted some beer. The defendant questioned them further and on being assured that they wanted to buy some beer, that they were friends and that a friend of the defendant had told them to come to these premises where they might get some beer, the defendant conducted them through a room where four men were drinking beer and into another room where the agents pro-

ceeded and ordered two bottles of beer. The defendant then left the room and returned in a moment with two bottles of beer for which the defendant was paid by Agent Tyson 50¢. After a brief conversation with the defendant about running and operating the place Agent Tyson then told the defendant that they were prohibition agents and arrested him.

"On searching the rear room the agents found one half gallon of whisky, one pint of whisky, and other evidences of the violation of the National Prohibition Act."

Defendant in his brief has entirely disregarded the controlling facts that the premises were being conducted as a public nuisance, and that liquor was sold therein to and in the sight of the officers, and has treated the matter as though it were a case of the entry by fraud or pretense of private property legitimately used for the purpose of a home and not as a place where liquor was sold and kept for sale, for the purpose of making an exploratory search for liquor which might be therein and the subsequent search of said premises. No such case is at all made here.

Turning to the consideration of the case as actually made in the evidence, boiled down, defendant's point is that since evidence may not be obtained by entry upon illegal process, Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; by an illegal search by force, Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Company v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426; or by entry under fraudulent pretenses, Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647, the entry and search here were unlawful, and the evidence obtained thereby must be rejected.

■ It is the law that: "The prima facie validity of evidence offered prevails, unless the accused challenges it, and at least develops circumstances sufficient to impeach it to a degree that inspires the discretion of the trial judge to embark upon further inquiry, in which event, on all evidence adduced, the prosecution must sustain the competency of its evidence." Sayers v. U. S. (C. C. A.) 2 F. (2d) 146, 147.

This prima facie validity has not at all been overcome by the defendant by proof that the entry was made and the evidence obtained as a result of the pretense on the part of the officers that they were customers coming to buy liquor.

■ This pretense put the defendant under no restraint so as to make the obtained entry one under compulsion. This pretense was not unlawful, for though officers may not entrap an innocent person into the doing of an unlawful thing, they may put themselves in the position to apprehend one in the performance of an unlawful act. Weiderman v. United States (C. C. A.) 10 F. (2d) 745. This they did here and no more.

That the officers played upon the defendant's cupidity to profit by illegal sales of liquor cannot be denied; but that the officers merely found and played upon, and did not create that state of mind in the defendant, is equally true.

■ For the defendant to complain that his constitutional rights in the sanctity of his home have been invaded by an entry into his premises with his consent, for the avowed illegal purpose of buying liquor, followed by the sale of it thereon, appears to me, in view of the law which forbids the use of a man's premises for the sale of intoxicating liquor and declares such premises so used to be a public nuisance, to be grotesque, a "reductio ad absurdum" in application, of a constitutional principle of profound dignity and importance; while the claim that the subsequent search without warrant, made by the officers after they had observed others drinking and had themselves purchased intoxicating liquor there, was unlawful, is contrary to the uniform current of authorities. Jordan v. U. S. (C. C. A.) 2 F. (2d) 598; Sayers v. U. S. (C. C. A.) 2 F. (2d) 146.

It follows that defendant's objections to the evidence should be and they are overruled.