## PURIFOY v. UNITED STATES.
### No. 12324.

United States Court of Appeals
Fifth Circuit.

Oct. 19, 1948.

---

John J. Flynt, Jr., of Griffin, Ga., for appellant.

Lamar N. Smith, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

## PER CURIAM.

Purifoy was convicted of possessing seven gallons of unstamped distilled spirits, and of knowingly depositing and concealing the same with intent to defraud the United States of the tax. The spirits were in his home, the officers testifying that he told them it was there and invited them to see it; but he testified they entered without his invitation or permission. They had no search warrant. A motion to suppress the evidence was heard along with the trial of the case, and at the conclusion of the trial it was overruled. The evidence also showed that Purifoy sold a pint of the spirits which he got out of the house to an officer whom he did not know to be such on the latter's application to buy it, and this led to the entry into the house. The officers had information that Purifoy was selling liquor. It was contended that the sale was an unlawful entrapment, and the arrest which resulted was illegal and gave no right to search the house.

The evidence did not show an unlawful entrapment, and the court did not err in refusing to submit such an issue to the jury. See Kott v. United States, 5 Cir., 163 F.2d 984; United States v. Wray, 5 Cir., 8 F.2d 429. Nor was there error in refusing to suppress the evidence of what was found in the house, because all the witnesses except Purifoy testified that there was no search but that Purifoy willingly led them to it. We do not enquire whether an unpermitted search of the home would have been justified by an arrest in the yard. The judge might properly have charged the jury more fully as to the law in the event they believed Purifoy and that there was a search, but no objection was made to the charge given. The request made on the point was as follows: "If from the evidence you believe that the home of the defendant was illegally entered without a search warrant by the arresting officers then you will return a verdict of not guilty." This request gave the jury no test whatever as to what would or would not be an illegal entry into the house without a warrant and was rightly refused. It also ignored Purifoy's own testimony that he got a pint of tax unpaid whiskey out of the house (though he denied a sale was consummated), and the testimony of the officers that he told them he had several gallons of it in the house and offered to show it to them, and said he was sorry he got caught. He on the witness stand virtually admitted his guilt. We are not disposed to search for error not duly objected to nor formally specified.

Judgment affirmed.