(No. 37994.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* GEORGE WALKER, Defendant in Error.

*Opinion filed January 22, 1964.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

GETER & GETER, of Chicago, for defendant in error.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This case involves a ruling by the trial court on a motion by the defendant to quash a search warrant and sup-

press certain evidence obtained pursuant thereto. The trial court sustained the motion on the theory that the information which was the basis of the complaint had been obtained illegally. The People took exception to this ruling and prosecuted this writ of error directly to this court under section 747 of the Criminal Code. Ill. Rev. Stat. 1961, chap. 38, par. 747.

On March 6, 1962, police officer Tracey Williams, whose official capacity was apparently not disclosed, made an illegal policy bet with an unknown but described person in an apartment at 365 East 58th Street, Chicago. At the time of making the bet he observed paraphernalia used in the operation of a policy game. The following day he applied for and obtained a search warrant on the basis of the foregoing facts. A few days later the search warrant was executed and returned with the following property inventoried and listed thereon: 2 bundles of result slips, 1 bundle of policy tabulations, 1 bundle of policy writings, and 5 pads containing policy writings.

The trial court's ruling and the defendant's present contention are predicated upon the assumption that the police officer did not identify himself as such in obtaining entry into the defendant's apartment and that therefore he was illegally upon the premises in the first instance. Consequently, the defendant further argues, any information obtained as a result of such entry can not form the basis for the issuance of a valid search warrant.

Under this theory a police officer, in order to utilize information gained in the conduct of a criminal investigation, would always be under an affirmative duty to make known his official capacity. Obviously if such were the rule, the effective enforcement of laws against such crimes as gambling, characteristically conducted with the utmost secrecy and by individuals who, by their own participation, are not likely to complain, would be most difficult.

Furthermore, the authorities relied upon by the defend-

ant do not support his position. All but two of those cases involved searches made without any warrants having been issued at all. In the present case the police officer initially placed a policy bet in defendant's apartment and then departed to obtain a search warrant on the basis of his observations.

The cases of *Fraternal Order of Eagles No. 778* v. *United States* (3d cir. 1932) 57 F.2d 93 and *United States* v. *Mitchneck* (M.D. Pa. 1933) 2 F. Supp. 225, cited by the defendant, did involve searches made following the issuance of a warrant. However, in those cases the police officers involved took affrmative steps to conceal their actual identity. Both of these cases were considered by the court in the case of *United States* v. *Bush*, 283 F.2d 51, relied upon by the People, and were distinguished, the court noting that a "distinction has been drawn between a search warrant obtained as a result of information secured through force, coercion and stealth, and one obtained by an officer's concealment of his identity, and his posing as a member of the general public. * * * As to misrepresentations made to Mrs. Bush, we are of the view that the only misrepresentation was that the agent hid his identity as an officer and posed as a member of the general public. Evidence obtained by law enforcement officers, using the subterfuge of hiding their identity in order to pose as members of the general public, has consistently been held to be admissible. *United States* v. *Om Lee*, 2 Cir., 193 F.2d 306; *United States* v. *Smith*, D.C. Tex., 43 F.2d 173; *Purifoy* v. *United States*, 5 Cir., 170 F.2d 144."

There is nothing in the record in the present case to indicate that the officer presented himself at the defendant's door as anything other than a member of the general public. The defendant did not allege nor offer any evidence to the effect that the officer made any affirmative misrepresentations as to his identity. And he was not, in our opinion, under any obligation to voluntarily identify himself as a

policeman prior to entering the premises. (*United States* v. *Bush,* (6th cir.) 283 F.2d 51.) Therefore, the trial court's order sustaining the defendant's motion to quash the warrant and suppress the evidence obtained in the search was in error and the same must be reversed.

The rule relied upon by the defendant that the trial court's finding of fact, here concerning the character of the original entry, is presumed correct where the report of proceedings is not included in the record on appeal, is not applicable to the present case, where a complete transcript of the trial proceedings is available and the basis of the trial court's ruling specifically stated therein. *Northwest Park District* v. *Hedenberg,* 267 Ill. 588.

For the foregoing reasons, the aforementioned order of the cirminal court of Cook County is reversed.

*Order reversed.*