(No. 34637.—

BANK OF LYONS, Trustee, Appellee, *vs.* THE COUNTY OF COOK, Appellant.

*Opinion filed March 20, 1958—Rehearing denied May 23, 1958.*

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, of counsel,) for appellant.

STAGMAN, SPANGLER & GREENBERG, of Chicago, (ERWIN H. GREENBERG, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The Bank of Lyons, as trustee, brought suit against the County of Cook, seeking to declare its zoning ordinance unconstitutional and void as applied to plaintiff's land. The defendant moved to dismiss the suit on the ground that the plaintiff had failed to exhaust administrative remedies. The motion was denied; a hearing was held before a master; and a decree was entered, in accordance with the master's findings, holding the ordinance void in its application to plaintiff's land. The defendant brings the record to this court for review, contending that error was committed both in refusing to dismiss and in finding the classification to be unreasonable.

The land in question is a tract of about ten acres situated in an unincorporated area classified as an "F" farming district. Under the terms of the ordinance only specified types of use are permitted in such a district. Desiring to use its land for a trailer park—a use not included in the list of permissible uses—the plaintiff through its attorney talked to the secretary of the zoning board of appeals about filing a petition to rezone the property. The officer replied that filing a petition would be useless because the Board of County Commissioners had issued an "oral directive" not to rezone any more property in the county for trailer park use. The plaintiff therefore did not file a formal application before the zoning board, but brought the present suit on the ground that the classification is unreasonable and arbitrary.

For determination of the constitutional issue we are presented with extensive evidence relating to the location and condition of the plaintiff's land, its adaptability for the uses permitted by the ordinance, the extent to which its value is diminished by the restriction, the character of nearby properties, the development trends of the general area, and other factual matters. Before reaching the constitutional question, however, we must first consider defendant's contention that a failure to seek relief before the zoning board foreclosed judicial inquiry into the validity of the ordinance as applied to the particular property.

In *Bright* v. *City of Evanston,* 10 Ill.2d 178, we held that where an ordinance is alleged to be invalid in its application to a particular piece of property, the owner must first pursue available administrative remedies. The distinction was recognized between an ordinance or statute invalid in its terms and one which is invalid only in its application. Where the alleged constitutional infirmity is to be found in its terms, prior application for administrative relief is unnecessary. (*Smith* v. *Cahoon,* 283 U.S. 553, 75 L. ed. 1264.) On the other hand, where it is alleged that a statute valid upon its face is applied in a discriminatory or arbitrary manner, the rule generally prevails that recourse must be had in the first instance to the appropriate administrative board. (*Myers* v. *Bethlehem Shipbuilding Corp.* 303 U.S. 41, 82 L. ed. 638; *First National Bank* v. *Board of Comrs. of Weld County,* 264 U.S. 450, 68 L. ed. 784.) In such cases the validity or invalidity depends almost wholly upon a determination of factual matters in which the specialized agency is thought to be more proficient. In the present case the plaintiff does not question the validity of the enabling statute, nor is any complaint made of the zoning ordinance in its terms. The constitutional question is primarily concerned with investigation and evaluation of factual matters, such as impairment

of value, effects upon surrounding properties, the character and development of the neighborhood, and the like; and it is conceded that if an administrative remedy is available here, the rule announced in the *Bright case* applies.

Pursuant to the statute in relation to county zoning (Ill. Rev. Stat. 1955, chap. 34, par. 152i *et seq.*) Cook County has created a board of appeals with authority to vary the zoning regulations in cases where they result in practical difficulties and particular hardship upon the owner. Section 21B of the ordinance reads as follows: "Where in a specific case, after written denial of a permit by the enforcing officer, an application for a variation is made in writing to the Zoning Board of Appeals explaining that because of certain exceptional conditions peculiar to applicant's property or its environment the strict application of the regulations of this ordinance would result in practical difficulties and particular hardship upon the owner, the Zoning Board of Appeals shall consider the case at a public hearing, 15 days' notice of which shall have been given as prescribed by statute, and shall determine whether or not the facts are such as to warrant a variation from the comprehensive zoning plan. If the Zoning Board of Appeals determines, by a concurring vote of not less than four members, that the proposed variation or some modification of it will not (1) reduce the minimum areas or dimensions, nor increase the maximum dimensions, by more than 25 per cent, (2) impair an adequate supply of light and air to adjacent property, (3) increase the congestion in public streets unreasonably, (4) increase the hazard of fire, (5) endanger the public safety, (6) diminish or impair the values of property within the surrounding area, (7) or in any other respect impair the public health, safety, comfort, morals and welfare of the people, it shall adopt a motion embodying such findings, and shall direct the issuance of a permit." Provision is then made for judicial review of the board's decisions.

In contending that no administrative remedy was available the plaintiff urges that the ordinance confines the board's power to cases relating to the use, construction or alteration of structures, and that the power to vary the use of land was withheld. We find no such limitation on the scope of relief that may be granted. By the plain intent of section 21B, the authority to vary exists whenever practical difficulties and particular hardship are caused by "the regulations of this ordinance," and the required findings are made. The variation that may be permitted is "a variation from the comprehensive zoning plan," and no distinction is made, insofar as this power is concerned, between the use of buildings and the use of land. Examination of the statutory delegation of power to prescribe functions of the board likewise discloses no difference of treatment in the present respect. Section 3.1 of the act (Ill. Rev. Stat. 1955, chap. 34, par. 152k.1) provides that the board may be empowered to vary the zoning regulations "in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any such regulations relating to the use, construction or alteration of buildings or structures *or the use of land.*" (Emphasis supplied.) There is nothing in the ordinance before us to indicate that a remedy before the board was not available where the use of vacant land is involved.

Plaintiff further argues that since it was advised no further property would be rezoned for trailer park use, it was excused from first seeking administrative relief. We cannot accept the argument. The necessity for making application before the board is not dispensed with because the application may be denied. The rule requiring resort to an administrative agency in the first instance is in the interest of orderly procedure. It cannot be avoided by evidence of an intent to deny the relief sought. *Gilchrist* v. *Interborough Rapid Transit Co.* 279 U.S. 159, 208-209, 73 L. ed. 652, 664.

We conclude that a remedy before the zoning board of appeals was available, and that having failed to seek such relief the plaintiff was not entitled to maintain the present proceedings.

For the reasons stated the circuit court erred in refusing to dismiss the complaint. Its decree is therefore reversed, and the cause is remanded with directions to dismiss the complaint.

*Reversed and remanded, with directions.*