William Eckells, et. al., Plaintiffs-Appellants, v. City Council of the City of East St. Louis, Illinois, a Municipal Corporation, Alvin Fields, Mayor of the City of East St. Louis, Illinois, Ed Lehman, Commissioner of Fire and Health of the City of East St. Louis, Illinois, and The Board of Fire and Police Commissioners of the City of East St. Louis, Illinois, Defendants-Appellees.

Gen. No. 5909.

Fourth District.

December 23, 1959.

Released for publication January 12, 1960.

Melvin W. Trotier, of East St. Louis, for plaintiffs-appellants.

Appellee filed no appearance.

JUSTICE HOFFMAN delivered the opinion of the court.

The complaint in this case was for a declaratory judgment to construe certain provisions of the Illinois Revised Statutes and the provisions of certain ordi-

nances of the City of East St. Louis relating to the powers of the City Council, Commissioner of Fire and Health and Board of Fire and Police Commissioners to investigate negligence and dereliction of duty of officers and members of the fire department of said city.

A disastrous fire occurred in East St. Louis on April 19, 1956. Shortly thereafter, members of the City Council of said City and the Commissioner of Fire and Health began an investigation into the causes of the conflagration and the manner in which it was fought. Various members of the fire department were summoned to the city hall to appear before the assembled city commissioners and there to answer certain designated questions relative to the circumstances under which the fire took place. The firemen refused to appear and answer said questions, without the benefit of legal counsel; this being refused, the firemen were dismissed from further questioning and two days later charges were filed against them before the Board of Fire and Police Commissioners. The firemen were charged with insubordination and delinquencies affecting their general character and fitness which rendered their continuance in office detrimental to the discipline and efficiency of the Fire Department in that they had "without legal cause or justification, refused to aid or assist the Commissioner of the Fire Department and City Council of the City of East St. Louis in its inquiry into general conditions of the Fire Department."

Hearings on said charges were set by the Board of Fire and Police Commissioners for May 20, 1956. There is no record that these hearings were ever commenced. On June 8, 1956, the Commissioner of Fire and Health stated that the courts would eventually be required to determine his powers. Nothing further appears to have been done until September 19, 1956, when the

361

complaint herein was filed in the Circuit Court by the various firemen involved against the city commissioners and the Board of Fire and Police Commissioners. The complaint prayed for a declaratory judgment construing certain statutes and city ordinances pertaining to the powers of the Commissioners to hold meetings of the City Council; the power of the city council to compel members of the fire department to appear before the City Council for investigations; the powers of the Council, the Commissioner of Fire and Health and the Board of Fire and Police Commissioners to ascertain which agency has the power to investigate negligence and dereliction of duty of officers and members of the Fire Department; the powers of the aforementioned agencies in regard to the Fire Department; the powers of the Commissioner of Fire and Health to compel members and officers of the Fire Department to give testimony regarding the department; and the powers of said agencies to compel members of the Fire Department to give testimony which might be the basis for their removal from the Department. The Circuit Court entered an order setting forth certain powers and duties possessed by the aforesaid agencies. From this order plaintiffs have appealed.

██ Defendants-Appellees have filed no brief in this Court. We would be justified, on this state of the record, to reverse and remand the cause without further discussion. Basinski v. Basinski, 20 Ill.App.2d 336, 340, 156 N.E.2d 225. Rather than so abruptly dispose of the matter, we have, on our own, examined into the law and the record.

From such examination, it is obvious to us that the parties hereto, probably by agreement, decided that the hearing before the Board of Fire and Police Commissioners should abate until a court had entered an order defining precisely the powers of the City Com-

362

missioners to conduct the investigation planned. Once this was done, it is clear to us that the hearing would then have recommenced before the Board and the interpretation of the Court would have been used to guide the Board.

■ In our view, the declaratory judgment statute may not be so employed. Such was the holding in Fairbanks, Morse & Co. v. City of Freeport, 5 Ill.2d 85, 125 N.E.2d 57, wherein the Supreme Court held that the declaratory judgment statute could not be used in a circuit court suit to determine litigation pending in the county court. To the same effect is the recent case of Hudson v. Mandabach, 22 Ill.App.2d 296, 160 N.E.2d 715, wherein the Municipal Court of Chicago was involved. No difference should result merely because the controversy is pending before an administrative board. When a matter is pending before an administrative body which is properly acting under a statutory grant of power, declaratory judgment proceedings cannot be commenced subsequently in the circuit court to obtain findings and opinions to affect, control or guide the outcome of the proceeding before the administrative body. It was clearly pointed out in the Hudson case, supra, that to hold to the contrary would open the door to abuses which could result in multiple litigation and unavoidable interference and conflict between different adjudicating bodies. See also 135 ALR 934.

For the reasons stated, the order of the Circuit Court of St. Clair County is reversed and the cause is remanded with directions to dismiss the action.

Reversed and remanded, with directions.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.