**Everd S. Boyer, Plaintiff-Appellant, v. Atchison, Topeka & Santa Fe Railway Company, a Corporation, Defendant-Appellee.**

**Gen. No. 48,449.**

First District, Second Division.

January 30, 1962.

Rehearing denied February 21, 1962.

Thompson, Lewin & Rafferty, and Seymour Velk, all of Chicago (Percival E. Thompson and Robert J. Rafferty, of counsel), for appellant.

Floyd Stuppi, William J. O'Brien, and Gus Svolos, all of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Plaintiff appeals from a judgment on the pleadings. On January 5, 1959, he was traveling as a passenger on defendant's train enroute from Chicago to Los Angeles. He was an employee of another railroad and was riding on this train by virtue of an interstate pass given to him as a courtesy by defendant. The pass, which he signed, stated that he assumed "all risk of damage to person . . . in any circumstances, whether caused by negligence of agents or otherwise." Near Raton, New Mexico, while the train was in motion, the draft gear, a part of the coupling apparatus, broke, due to its defective and inefficient condition, the emergency brakes were automatically applied and due to the rapid and sudden stopping of the train, plaintiff was thrown violently inside the train and sustained injuries. He alleged ordinary care on his

part before and at the time of the occurrence. He further alleged that the operation of the train with a defective coupler was a violation of Section 2 of the Federal Safety Appliance Act. The pleadings present the question whether the defendant is absolved of liability by the provisions of the pass issued under the Hepburn Act.

The Hepburn Act, 49 USC Sec 1(7), was passed to control abuses in the indiscriminate and uncontrolled issuance of free passes on railroads. The Act deals only with the classes of persons to whom passes may be issued and contains nothing about the liability of carriers to their passengers or the terms of the passes. Kansas City Southern R. Co. v. Van Zant, 260 US 459, (1922); Francis v. Southern Pacific Co., 333 US 445, (1947); Donnelly v. Southern Pacific Co., 118 P2d 465, (1941). The Safety Appliance Act (45 USC Ch 1, Secs 1–37) applies to all trains and cars moving in interstate commerce. In construing the Federal Safety Appliance Act and the Hepburn Act federal law is controlling. Southern Ry. Co. v. R. R. Com. of Indiana, 236 US 439 (1915); Herb v. Pitcairn, 306 Ill App 583, 29 NE2d 543. Under the automatic coupler provisions of the Federal Safety Appliance Act defendant had an absolute duty to maintain its trains and cars therein with couplers which were in efficient operating condition. A coupler in a train must remain coupled until set free by some purposeful act of control. O'Donnell v. Elgin, J. & E. R. Co., 338 US 384, 389, (1949). The federal decisions hold that a passenger who accepts a free pass may exempt a carrier from responsibility for negligence and that in this stipulation no public policy is violated. Kansas City Southern R. Co. v. Van Zant, supra; Francis v. Southern Pacific Co., supra.

Defendant insists that plaintiff's action is grounded on common law negligence, that when the courts

speak of absolute liability of the Safety Appliance Act, they mean that evidence of a violation of the Act dispenses with proof that the violation constituted negligence and the courts "equate the violation to negligence per se, or negligence as a matter of law," citing Moore v. Chesapeake & Ohio Ry. Co., 291 US 205, 215, (1934); Urie v. Thompson, 337 US 163, 188 (1949). Defendant says that the Safety Appliance Act nowhere confers any right of action for damages in favor of an individual suffering personal injury as a result of the violation of the various safety provisions and that the only right of a member of the public is to pursue an action conferred by the applicable state law. Defendant concludes that under the Hepburn Act the pass given to plaintiff exculpated defendant from any injury caused by negligence.

■■ In O'Donnell v. Elgin, J. & E. R. Co., 338 US 384, the Supreme Court held (390) that "a failure of equipment to perform as required by the Safety Appliance Act is in itself an actionable wrong, in no way dependent upon negligence and for the proximate results of which there is liability—a liability that cannot be escaped by proof of care or diligence." The O'Donnell case was followed by Carter v. Atlanta & St. A. B. R. Co., 338 US 430, (1949); and Affolder v. New York Cent. & St. L. R. Co., 339 US 96, (1950), wherein the court reiterated the language in the O'Donnell case that "a failure of equipment to perform as required by the Safety Appliance Act is in itself an actionable wrong." In Shields v. Atlantic Coast Line R. Co., 350 US 318, (1956), the Supreme Court held that where a railroad employee was injured by reason of a violation of the Safety Appliance Act, in addition to having a "negligence" action he was entitled to have his case submitted to the jury on the theory of "absolute liability for the violation of the Act." In every decision of the United States

Supreme Court since the O'Donnell case in 1949, where the question has come before it, the court has consistently held that the violation of the Safety Appliance Act alone and a resultant injury creates a legal cause of action in nowise dependent upon any negligence theory. We find that the plaintiff does not charge the defendant with common law negligence, but charges it with absolute liability for violation of the Safety Appliance Act. We are of the opinion that the provisions of the pass do not exculpate the defendant for the injury suffered by the violation of Sec 2 of the Safety Appliance Act.

■ A cause of action, as defined with reference to its elements, consists of a primary right of plaintiff, a corresponding duty of defendant and a wrong by defendant in breach of such right and duty. 1 CJS Actions, Sec 8(e), p 984. Subject to the conditions or limitations prescribed by the statute, the violation of a duty imposed by statute gives rise to a cause or right of action in favor of a person the statute was designed to benefit who was injured without any fault on his part. 1 CJS, Sec 9(b), p 990. See also Sec 19, Art II of the Constitution of Illinois. Section 31 of the Civil Practice Act provides that neither names heretofore used to distinguish the different ordinary actions at law, nor formal requisites heretofore appertaining to the manner of pleading in those actions respectively, are necessary or appropriate. Under this section a plaintiff is required to set forth the substantial averments of fact necessary to state a cause of action. Supreme Court Rule 13 states that if a breach of statutory duty is alleged the statute shall be cited.

■ We turn to plaintiff's contention that it would be contrary to public policy to allow and permit the defendant to exculpate itself from liability for a violation of the automatic coupler provisions of the

Federal Safety Appliance Act by the pass provisions in the case at bar. The basis upon which the courts have refused to permit carriers to exonerate themselves by contract from actions caused by the carrier's wilful and wanton conduct is that it would be contrary to public policy to permit such a defense. The public policy of the United States on the subject of railroad couplers is clear. It is unlawful to operate a railroad car without efficient couplers and the duty to equip and maintain cars with secure and efficient couplers is absolute. If the language of the pass could be construed to extend to cases other than negligence cases, the question remains as to whether the Safety Appliance Acts are part of the public policy. One may not by contract immunize himself from civil liability, when to do so would violate public policy. See Starr v. Great Northern R. Co., 67 Minn 18, 69 NW 632, 634, (1896); DeKam v. City of Streator, 316 Ill 123, 131, 146 NE 550; Foreman v. Holsman, 10 Ill2d 551, 554, 141 NE2d 31; Pitsch v. Continental & Commercial Nat. Bank, 305 Ill 265, 270, 137 NE 198; Commissioners of Lake Fork Drain. Dist. v. People, 138 Ill 87, 27 NE 857; People ex rel. Arkansas v. Burke, 212 P 837, 843; School District v. Teachers Ret. Fund, 95 P2d 720, 723. The pass in the instant case, construed as an attempt to exculpate the railroad from liability for injuries inflicted on the plaintiff as a result of a violation of the Safety Appliance Act, falls within the scope of these cases.

 Defendant urges that plaintiff is not entitled to the benefits of Sec 2 of the Safety Appliance Act since this section was intended for the exclusive benefit of employees or those performing the function of the employees and was not for the benefit of any other members of the general public, and that plaintiff cannot ground his cause of action on this section since he was not a member of the class intended to

336

be protected, citing St. Louis and San Francisco Ry. Co. v. Conarty, 238 US 243; Fairport, Painesville & Eastern R. R. Co. v. Meredith, 292 US 589, 594; Woods v. Chicago, B. & Q. R. Co., 306 Ill 217, 221, 137 NE 806. We are convinced that these Acts were not enacted for the benefit of railroad employees alone. In Coray v. Southern Pacific Co., 335 US 520, (1949), the court said (522): "And this Act, fairly interpreted, must be held to protect all who need protection from dangerous results due to maintenance or operation of congressionally prohibited defective appliances." See also Shields v. Atlantic Coast Line R. Co., 350 US 318; Baltimore & Ohio R. Co. v. Jackson, 353 US 325, 333. In United States v. Seaboard A. L. R. Co., 361 US 78, (1959), the court states the purpose of the Safety Appliance Acts and who they are designed to protect and says (82): "Congress determined the policy that governs us in applying the law. Traditionally, movements of assembled cars for substantial distances involved the hazards of crossing public highways and the tracks of other lines with attendant risks to the public. More important, they involved risks to *those who ride the trains,* particularly the men who operate them." (Italics ours.) In a footnote to this case the court cites testimony before a Congressional Committee having to do with injuries to trainmen and passengers incurred in wrecks caused by a breakage of an air hose or a coupling. It is our view that employees, travelers on the highway and passengers are entitled to the protection of these Acts.

For the reasons stated the judgment is reversed and the cause is remanded for trial.

Judgment reversed and cause remanded for trial.

FRIEND, P. J. and BRYANT, J., concur.