(No. 36921.—

JOSEPH BRADER *et al.*, Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 29, 1962.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and ALLEN HARTMAN, Assistants Corporation Counsel, of counsel,) for appellant.

MAURICE J. NATHANSON, JACK M. SIEGEL, and ROBERT S. BREMER, all of Chicago, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, the city of Chicago, appeals directly from a declaratory judgment entered in the circuit court of Cook County declaring the Chicago zoning ordinance void as applied to plaintiffs' property. The trial judge has certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court, (Ill. Rev. Stat. 1961, chap. 110, par. 75(1)(c)) and, accordingly, this court has jurisdiction.

Defendant contends that plaintiffs have brought this action prematurely because they failed to exhaust all administrative and legislative local remedies. Plaintiffs position is that they are not required to exhaust their "local remedies" before bringing this action because the defendant city had actively attempted to enforce the ordinance against the subject property by prosecuting a former occupant thereof in municipal court proceedings and that this action is in the nature of a defense against such enforcement efforts.

The rule requiring exhaustion of local remedies prior to seeking judicial relief originated in this State in *Bright* v. *City of Evanston*, 10 Ill.2d 178. We there considered a zoning ordinance which included a provision for variation in a case where objection to the zoning ordinance as a whole was not made, and concluded that where the claim is merely that the enforcement or application of a particular classification to the plaintiffs' property is unlawful and void, and

no attack is made against the ordinance as a whole, judicial relief is appropriate only after available administrative remedies have been exhausted. We stated that the reason for such a rule is found in the practical difficulty encountered by the legislative body in foreseeing particular instances of hardship, when general restrictions are initially established for a given area.

The doctrine of exhaustion of remedies has since been applied both to a local legislative remedy and to an administrative remedy. *Sinclair Pipe Line Co.* v. *Village of Richton Park*, 19 Ill.2d 370, 373; *Herman* v. *Village of Hillside*, 15 Ill.2d 396, 408; *Bank of Lyons* v. *County of Cook*, 13 Ill.2d 493, 497.

As justification for their action in filing their complaint without first seeking an amendment of the ordinance as provided therein, plaintiffs rely upon *County of Lake* v. *MacNeal*, 24 Ill.2d 253; *City of Loves Park* v. *Woodward Governor Co.* 14 Ill.2d 623; *Bright* v. *City of Evanston*, 10 Ill.2d 178, and *Reilly* v. *City of Chicago*, 24 Ill.2d 348. An analysis of each of these cases reveals that none is authority for the plaintiffs' present position. *MacNeal* and *Woodward* are both clearly distinguishable from the instant proceedings in that both of these cases involved attempts by the municipal authorities to enforce the ordinance against the property owner. This court there held that the defendant property owner was entitled to raise the question of unconstitutionality or invalidity of the zoning ordinance as applied to the property in question as a defense to the municipal action against him. The court in *MacNeal* made clear the basis for its ruling in saying "we believe there are substantial differences between a property owner who is the moving party in an action to declare an ordinance invalid as to his property, and one who is summoned into court and charged with illegally violating the ordinance. * * * So long as local authorities institute an action, a defendant should be entitled to defend on the ground of the invalidity

of the ordinance and to have the issue determined." The practical necessity for this rule is found in the court's additional statement, "If it were to be otherwise, the result could be that judicial machinery would be used to enforce an ordinance that is unconstitutional."

The *Reilly* case involved an appeal by the defendant city of Chicago from a declaratory judgment, entered on the plaintiff's complaint, holding the city zoning ordinance void as applied to the plaintiffs' property. This court reversed and remanded holding that "The elementary doctrine laid down in the *Bright* case is that, except only where the validity of an ordinance as a whole is attacked, an effort must be made to obtain relief at the local community level before the plaintiff seeks relief from the courts." This case reaffirmed the *Bright* doctrine and concluded with the statement that "Application for relief at the local level was a prerequisite to access to the courts."

In the instant case plaintiffs seek to have the ordinance declared unconstitutional as applied to their property. They allege that the defendant city is seeking to enforce the ordinance, but no action has been taken against these plaintiffs and this proceeding is not a suit to enforce the ordinance.

The ordinance in question gives plaintiffs the right to submit to the zoning administrator an application for an amendment to the zoning ordinance to be filed with the city clerk, who is required to file the same with the city council for processing in accordance with the ordinance. Until plaintiffs exercise this right they are not entitled to initiate this action to determine the constitutionality of the ordinance as applied to the property herein.

Since this action was prematurely brought, no other questions need be discussed.

Accordingly, the judgment of the circuit court of Cook County is hereby reversed and the cause is remanded with directions to dismiss the complaint.

*Reversed and remanded, with directions.*