SAM BROCCOLO *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF SKOKIE *et al.*, Defendants-Appellees.

(No. 55909;

First District (2nd Division)—November 8, 1972.

*Rehearing denied September 14, 1973.*

Harry Pikowsky, of Chicago, and Harvey Schwartz, of Skokie, (Gilbert Gordon, of counsel,) for appellants.

D. Sidney Condit, of Chicago, (Bell, Boyd, Lloyd, Haddad & Burns, of counsel,) for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from an order that dismissed a declaratory judgment suit. Plaintiffs Sam Broccolo and Goldie Broccolo filed a two-count complaint against the Village of Skokie and Topco Associates, Inc. In Count I, they prayed for a declaration of rights and an injunction decree against the Village. In Count II, they prayed for compensatory and punitive damages against Topco.

In separate motions, defendants moved to dismiss the complaint: Village on the ground that plaintiffs had not exhausted their administrative remedies nor stated a cause of action against it; Topco, on the ground that no relief was sought against it in Count I and no cause of action was stated against it in Count II. After hearing the parties, the trial court sustained both motions and dismissed the suit. The issue is whether the dismissal was error. To resolve this issue, we must determine the legal sufficiency of the allegations in plaintiffs' two-count complaint; and from the sources of law, decide whether either count stated a cause of action.

## I.

### The Allegations

According to Count I, plaintiffs live in the Village of Skokie where, since May 12, 1927, they have owned a 25 x 125 foot lot. Village is a municipal corporation. Topco is a business corporation and does business in the Village. It owns interests in land adjoining and surrounding plaintiffs' lot. On March 2, 1965, Village enacted a zoning ordinance that has been amended from time to time. Under it, plaintiffs' lot was zoned M-1, "Office Assembly Industry District." On February 14, 1969, plaintiffs asked Topco to sell them its land adjoining plaintiffs' lot. Topco refused. On February 25, 1969, plaintiffs applied to the Village of Skokie Zoning Board of Appeals for a zoning variation. Hearing on plaintiffs' application was postponed until November 5, 1969. Then, on February 18, 1970 the application was denied.

Before plaintiffs made their application, Topco acquired substantially all of the 25 foot lots surrounding plaintiffs', with exception of a few which owners refused to sell. To coerce and compel those owners to sell, Village, through its Boards and Commissions, caused the property in the vicinity of plaintiffs' lot to be classified and zoned M-1. This zoning classification required a front yard of not less than 50 feet in depth, two side yards not less than 25 feet in width, a rear yard not less than 25 feet in depth (except one abutting an alley), land coverage of not more than 50 percent of the lot area and provisions for off-street

30

parking and loading. Village and Topco knew that owners of 25 foot lots could not comply with these requirements. To further coerce them, Topco and Village entered into an oral agreement to deprive plaintiffs of their property. Topco filed a petition before the Village Plan Commission praying for a recommendation that Village enact an ordinance vacating certain streets and alleys so that Topco could consolidate its 25 foot lots. Under this plan, Village and Topco proposed to reroute Gross Point Road within the village in such manner as to necessitate the taking of private property from those persons who had refused to sell their land to Topco. This was done after plaintiffs filed their petition for a variation. Topco and Village caused hearing on plaintiffs' application for variation to be withheld until they could first proceed with Topco's application in order to attempt to confiscate plaintiffs' property.

On May 15, 1969, the Village Plan Commission granted Topco's application to vacate the streets and alleys. On June 2, 1969, the village trustees concurred. Under Topco's plan, it dedicated property to Village and acquired certain land for which it paid the sum of $20,750. This sum was far below the appraised value of the land. As a result of the vacature ordinance which Topco successfully obtained, Village has threatened to institute condemnation proceedings to acquire plaintiffs' 25 x 125 foot lot. The rerouting of Gross Point Road as proposed and the threatened condemnation of plaintiffs' property, would deprive plaintiffs of their property, benefit the owners of adjacent property but would not benefit the public. M-2 zoning classification, "Light Industry District," permits substantially the same uses as M-1, but differs in that it requires a front yard of not less than 25 feet in depth. A side yard is not required unless a side yard lot adjoins a residential district. Land coverage may not exceed 60% of lot area. Substantially all of the properties adjoining and surrounding plaintiffs' lot are vacant, with exception of the area designated in the exhibit [attached to the complaint].

There is a dispute between the parties concerning plaintiffs' rights, particularly as applied to plaintiffs' land, its classification as M-1, "Office Assembly District" and the denial to plaintiffs of the right to build in manner as proposed. Action of Village bears no relation to public health, safety, comfort, morals and public welfare. The action of defendants is designed to deprive plaintiffs of the use of their property, although the same is annually assessed for tax purposes, which plaintiffs are obligated to pay. If enforced against plaintiffs' property, Village of Skokie zoning ordinance will actually deprive the public of benefit. The highest and best use of plaintiffs' property is for a building of a size not permitted by the present ordinance. If plaintiffs' property is utilized as proposed, the public will derive substantial tax benefit to help public

needs; but depriving plaintiffs of the use of their property for their proposed purpose, will cause it to have only limited or no value so that the tax revenue therefrom would harm not only plaintiffs but the general public as well. The highest and best use of plaintiffs' property is for a restaurant or other use compatible with the area. Plaintiffs are without a remedy except in a court of law as prayed for in this Count.

According to Count II, 19 paragraphs of the 26 in Count I are realleged. Then it is alleged that for many years prior to 1966, Topco was interested in acquiring, and did acquire, many of the 25 foot lots in the area where plaintiffs owned their lot. On and after February 14, 1969, Topco became and has been the owner of property adjacent to that owned by plaintiffs. By reason of Topco's conduct, described in the realleged paragraphs of Count I, plaintiffs are deprived of the right to use the property owned by them since 1927 on which they have expended considerable sums in the payment of annually assessed taxes. The conduct of Topco was willfully and maliciously instituted for the purpose of depriving plaintiffs of their right to use their property and thereby coerce plaintiffs into selling their lot to Topco.

## II.
### The Law

■■ Count I discloses that plaintiffs applied for a zoning variation from the Skokie Board of Zoning Appeals. In a final administrative decision, the Board denied the application. Our law provides that all final administrative decisions of zoning boards of appeals shall be subject to judicial review pursuant to the Administrative Review Act. (Ill. Rev. Stat. 1969, ch. 24, par. 11—13—13.) When the Act applies, it is the sole and exclusive method for obtaining judicial review of an administrative decision. (Ill. Rev. Stat. 1969, ch. 110, par. 265.) Where a landowner's application for variation from a zoning ordinance is denied by a zoning board of appeals, his only remedy is a complaint for administrative review, not a suit for declaratory judgment. See *Believers of Islam, Inc. v. City of Chicago,* 19 Ill.App.2d 480, 154 N.E.2d 311 (abstr.).

■■ There are two recognized exceptions to this rule of law. First, if it is contended that a zoning ordinance is void in its entirety, constitutional infirmity found in its terms, judicial relief may be sought without proceeding under the Administrative Review Act. (See *Bank of Lyons v. County of Cook,* 13 Ill.2d 493, 150 N.E.2d 97; *People ex rel. Builders Supply & Lumber Co. v. Village of Maywood,* 22 Ill.App.2d 283, 289, 160 N.E.2d 689.) Second, if it is contended that a zoning ordinance, or some provision of it, is invalid as applied to a particular property, and a zoning board of appeals has the power to grant a variation, the owner must

resort to the administrative remedy and apply for a variance. (*Village of Bourbonnais v. Herbert,* 86 Ill.App.2d 367, 229 N.E.2d 574.) If a variation is denied, the owner can go to court in an action for independent relief, disregarding the provisions of the Administrative Review Act. *Bright v. City of Evanston,* 10 Ill.2d 178, 139 N.E.2d 270.

In Count I, however, plaintiffs do not allege any of the facts necessary to put their case within one of these exceptions. Instead, they allege that Village and Topco knew the owners of 25 foot lots could not make their land conform to the provisions of the Skokie zoning ordinance; that defendants orally agreed to deprive them of their property (without stating how); and that Village threatened to institute condemnation proceedings to acquire plaintiffs' property.

■■■ The law is clear that Village, in the exercise of its police powers, could adopt a zoning ordinance even if those who acted for it knew that owners of certain size lots could not make their land conform to the requirements of the zoning code. "The power of a city or village to adopt comprehensive zoning laws is based upon the police power, and their prohibitive restrictions are valid if they bear a reasonable relation to the public comfort, morals, safety and general welfare. * * * [T]hese relative factors are determinative regardless of the fact that here and there some individual may suffer an invasion of his property." (*Rothschild v. Hussey,* 364 Ill. 557, 559, 5 N.E.2d 92.) It is also clear that the validity of a zoning amendment, as concerns the exercise of police power, must be decided by the same rules and procedures as those which are applied in determining the validity of the original zoning ordinance. (*Exchange National Bank of Chicago v. Cook County,* 25 Ill.2d 434, 441, 185 N.E.2d 250.) Furthermore, it is clear that the Village has, under the Eminent Domain Act, the power to institute condemnation proceedings against plaintiffs' property. (Ill. Rev. Stat. 1969, ch. 24, par. 11—61—1; *Chicago, Burlington & Quincy R.R. Co. v. Cavanagh,* 278 Ill. 609, 615-616, 116 N.E. 128.) In such proceedings, plaintiffs may interpose any defense they may have to the taking of their land by condemnation. (Ill. Const. art. 1, sec. 2; *City of Chicago v. Lehmann,* 262 Ill. 468, 104 N.E. 829.) For these reasons, our examination of plaintiffs' Count I leads us to conclude that it is barren of factual allegations that would state a cause of action for declaratory judgment in disregard of the Administrative Review Act. Therefore, dismissal of the suit against the Village of Skokie was not error.

■■■ Count II purports to state a cause of action against Topco for what plaintiffs claim were the consequences of its success in purchasing lots adjoining plaintiffs' property and in persuading the authorities to adopt an ordinance vacating certain streets and alleys in the

Village. A cause of action consists of a primary right in a plaintiff, a duty in a defendant and a defendant's wrong that invades the right and breaches the duty. (*Boyer v. Atchison, Topeka and Santa Fe Ry. Co.*, 34 Ill.App.2d 330, 325, 181 N.E.2d 372; 1 C.J.S. Actions § 8(e).) It is obvious that Count II is devoid of factual allegations which show a primary right in plaintiffs, a duty in Topco, an invasion of any right of the plaintiffs or any breach of duty by Topco. Plaintiffs did not state a cause of action against this corporation. Therefore, dismissal of the suit against it was not error. Compare *Gouker v. Winnebago County Board of Supervisors*, 37 Ill.2d 473, 228 N.E.2d 881; *Deasey v. City of Chicago*, 412 Ill. 151, 105 N.E.2d 727. The judgment is affirmed.

Affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.