GEORGE R. CUSHING *et al.*, Plaintiffs-Appellants, *v.* DWIGHT E. PITMAN, Superintendent, Illinois State Police, *et al.*, Defendants-Appellees.

Fourth District   No. 14601

Opinion filed February 7, 1978.

Edward G. Coleman, of Springfield, for appellants.

William J. Scott, Attorney General, of Springfield (Robert V. Ogren and Morton E. Friedman, Assistant Attorneys General, of counsel), for appellees.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Plaintiffs, eight Illinois State Police Troopers, filed a petition in the circuit court of Sangamon County seeking a declaration that Illinois State Police special order S-EN-76-12, for an alleged violation of which they had been suspended, is invalid and of no force and effect. The trial court dismissed the petition on motion of the defendants, Dwight E. Pitman, Superintendent of the Illinois State Police, and Harvey N. Johnson, Director of the Illinois Department of Law Enforcement, ruling that the plaintiffs had failed to exhaust their administrative remedies and that no exception to that doctrine was applicable. Plaintiffs appeal.

Plaintiffs' petition alleged as follows: that special order S-EN-76-12 authorized troopers to issue warnings to motorists traveling at a speed less than 10 miles an hour in excess of the 55 miles per hour speed limit but required issuance of citations to those traveling at a speed more than 10 miles per hour in excess of the limit; that each trooper had been charged with issuing only a warning to a motorist traveling more than 10 miles per hour in excess of the limit and that upon being charged and suspended each trooper filed a "Petition for Review of Disciplinary Action" with the State Police Merit Board (Ill. Rev. Stat. 1975, ch. 121, par. 307.13) requesting that he be granted a hearing and that the Board review and reverse the disciplinary action taken against him by the superintendent. The petition further alleged that Illinois State Police special order S-EN-76-12 is "in excess of the authority of the superintendent under the laws of Illinois and is therefore invalid and unenforceable * * *," that it is "in direct conflict and in contravention of the speed limitations * * *" set by pertinent statute, and that it "constitutes an attempt by defendants to extend, modify, alter and amend the provisions of a statute of the State of Illinois" and requested the court to declare the order illegal and of no force and effect, to declare the suspensions of the plaintiffs to be void and to restrain the taking of any disciplinary action against the plaintiffs based upon the alleged violations of the order.

In addition to alleging failure to exhaust administrative remedies, defendants' motion to dismiss alleged that there was another action pending between the same parties for the same cause and that the court lacked jurisdiction to hear the petition under the doctrine of primary jurisdiction.

The petition indicates that the action before the Merit Board is still pending.

We find an application of the rules developed pursuant to the doctrine of exhaustion of administrative remedies to be dispositive of the instant

appeal. A discussion of the other contentions on appeal is deemed unnecessary.

■■ The parties do not dispute that generally, where administrative remedies are available, individuals may not seek judicial review without first exhausting those remedies. (*Myers v. Bethlehem Shipbuilding Corp.* (1938), 303 U.S. 41, 82 L. Ed. 638, 58 S. Ct. 459; *Brader v. City of Chicago* (1962), 26 Ill. 2d 152, 185 N.E.2d 848.) However, plaintiffs maintain the instant case falls within a recognized exception to the exhaustion doctrine, citing *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113; *Horan v. Foley* (1963), 39 Ill. App. 2d 458, 188 N.E.2d 877; and *Bright v. City of Evanston* (1956), 10 Ill. 2d 178, 139 N.E.2d 270.

Both *Walker* and *Horan* involved allegations that the administrative agency before which review normally would be proper was without jurisdiction to determine the matter in controversy. No question of the jurisdiction of the State Police Merit Board to hear the instant case is presented, however, rendering the decisions in those cases inapplicable.

In *Bright,* plaintiff, by petition for declaratory judgment, sought a declaration that defendant city's zoning ordinance was unconstitutional as it affected his property. The ordinance allowed for changes in the classifications of particular properties thereunder by means of application to a board of appeals. The supreme court noted that plaintiff's claim attacked the validity of the ordinance only as it applied to his property and ruled that his action for declaratory judgment would not lie without him first exhausting his administrative remedies. However, in dicta, the court indicated that a different result would exist had plaintiff sought to attack the validity of the ordinance as a whole.

■■ Plaintiffs maintain that since their petition alleged invalidity of Illinois State Police special order S-EN-76-12 as a whole, pursuant to the dicta of the *Bright* court they are not first required to exhaust their administrative remedies. Dicta in decisions since *Bright* recognizes the exhaustion doctrine to be inapplicable where the petition alleges invalidity of a statute (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358, 326 N.E.2d 737, 742) or an ordinance (*Broccolo v. Village of Skokie* (1972), 14 Ill. App. 3d 27, 31, 302 N.E.2d 74, 77) on its face. However, we have found no decision extending the exception to the doctrine to a case involving an internal administrative regulation. To do so would unduly burden the courts. The trial court correctly dismissed plaintiffs' petition for declaratory judgment.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

CRAVEN and WEBBER, JJ., concur.