LEONARD ELLISON, Plaintiff-Appellant, v. KANE COUNTY SHERIFF'S OFFICE MERIT COMMISSION et al., Defendants-Appellees.

Second District   No. 81—885

Opinion filed September 14, 1982.

REINHARD, J., dissenting.

Stanley H. Jakala, of Berwyn, for appellant.

Robert Morrow, State's Attorney, and Linda Soreff Siegel, both of Geneva, and Thomas McGuire, of Long Grove (David R. Akemann, Assistant State's Attorney, of counsel), for appellees.

JUSTICE HOPF delivered the opinion of the court:

The plaintiff, Leonard Ellison, appeals from an order of the trial court which denied his request for declaratory judgment (Ill. Rev. Stat. 1979, ch. 110, par. 57.1), and entered summary judgment for the defendants, the Kane County Sheriff's Office Merit Commission and George Kramer, sheriff of Kane County. The plaintiff's twofold contention on appeal is that section 24—3.1(a)(5) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 24—3.1(a)(5)), violates the due process and equal protection clauses of the United States Constitution (U.S. Const., amends. V, XIV), and that the trial court erred in concluding otherwise.

Plaintiff, a deputy sheriff in Kane County, voluntarily committed himself to a mental hospital for two days in June 1980. After treatment as an outpatient, and an eight-week leave of absence, a psychiatric report concluded that plaintiff could return to duty.

Kane County Sheriff Kramer filed a complaint against plaintiff with the merit commission. After referring to his two-day hospitalization, the complaint quoted section 24—3.1(a)(5) of the Criminal Code of 1961, which provides:

"(a) A person commits the offense of unlawful possession of firearms or firearm ammunition when:
* * *
(5) He has been a patient in a mental hospital within the past 5 years and has any firearms or firearm ammunition in his possession * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 24—3.1(a)(5).)

The complaint further alleged that because he was a patient in a mental institution within the past five years, the plaintiff violated two rules of the personal conduct standards of the sheriff's department, viz: (1) Rule 7.32; "Engaging in conduct on or off duty which adversely affects the *** efficiency of the Department ***"; and (2) Rule 7.39; "Lack of maintenance of good *** mental condition which interfered with the proper handling of Departmental business." The sheriff prayed that the commission commence a hearing on the

charges.

Plaintiff then instituted a declaratory judgment action alleging that section 24—3.1(a)(5) violated the due process and equal protection clauses of the United State Constitution. He also requested that the court grant a temporary restraining order as well as preliminary and permanent injunctions to enjoin defendants from conducting a disciplinary hearing relating to the violation of section 24—3.1(a)(5). The parties then filed cross-motions for summary judgment, including affidavits in support thereof, and trial briefs.

The parties agreed, in response to the trial court's inquiry whether plaintiff had exhausted his administrative remedies, that they would seek a declaratory judgment prior to the hearing before the merit commission.

The court, in ruling on the cross-motions for summary judgment and complaint for declaratory judgment, found (1)that section 24—3.1(a)(5), of the Criminal Code of 1961 did apply to the plaintiff, and (2) that the statutory provision in question was a rational exercise of the police power and hence constitutional. Plaintiff appeals.

Prior to addressing the contentions raised by the plaintiff a threshold question must be considered: could the trial court have dismissed plaintiff's complaint where plaintiff had yet to exhaust his administrative remedies?

Although the parties to this declaratory judgment action agreed that their claims should be brought before the circuit court prior to proceeding with the statutorily required administrative hearing before the Kane County merit commission (Ill. Rev. Stat., 1980 Supp., ch. 125, par. 164), we are of the opinion that plaintiff failed to exhaust his administrative remedies and that they cannot stipulate this requirement away.

The general, well-settled law in this State is that where administrative remedies are available, they must be exhausted before resort may be had to judicial review in the circuit court. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358, 326 N.E.2d 737; *Dock Club, Inc. v. Illinois Liquor Control Com.* (1980), 83 Ill. App. 3d 1034, 1037, 404 N.E.2d 1050.) However, the doctrine of exhaustion of remedies does not apply in situations where it would be futile to proceed initially via administrative channels. The fact that there are clear indications that the administrative agency will rule adversely is generally insufficient to abort the administrative process. (83 Ill. App. 3d 1034, 1037.) A possibility exists that upon remand the determination of the commission would be largely perfunctory and not based upon any particular expertise. (*Saldana v. American Mutual Corp.* (1981),

97 Ill. App. 3d 334, 337, 422 N.E.2d 860.) Nonetheless we choose not to anticipate the actions the commission may take. Further, orderly procedure dictates resort to the administrative agency first. *Bank of Lyons v. County of Cook* (1958), 13 Ill. 2d 493, 497, 150 N.E.2d 97.

■ While there are broad statements in the cases that a declaratory judgment action can be maintained without first seeking prior relief before the administrative agency when the validity of a statute or municipal ordinance is challenged on its face (see, *e.g.*, *Illinois Bell Telephone Co.; Cushing v. Pitman* (1978), 56 Ill. App. 3d 930, 932, 372 N.E.2d 714; *Broccolo v. Village of Skokie* (1972), 14 Ill. App. 3d 27, 31, 302 N.E.2d 74), that rule does not apply in circumstances where charges are already pending against the plaintiff in an administrative disciplinary proceeding (see *Buege v. Lee* (1978), 56 Ill. App. 3d 793, 798, 372 N.E.2d 427; *Eckells v. City Council* (1959), 23 Ill. App. 2d 360, 363, 163 N.E.2d 107), or where the issue of the validity of the ordinance sought to be determined in the action for declaratory judgment is currently pending before the administrative agency. (*Coles-Moultrie Electric Cooperative v. City of Charleston* (1972), 8 Ill. App. 3d 441, 444, 289 N.E.2d 491.) Nor is the exception applicable where the statute is challenged for its unconstitutionality, not on its face, but as it is applied. *People ex rel. Kreda v. Fitzgerald* (1975), 33 Ill. App. 3d 209, 213, 338 N.E.2d 76.

In the present case, the sheriff initiated or filed charges against Deputy Ellison with the merit commission, although there is no evidence in the record that a date for a hearing was set. It should be noted, however, that counsel for the sheriff stated during oral argument before the trial court that he had been ready to proceed before the commission when he agreed to postpone the administrative proceedings to allow the plaintiff to bring the current action. It is also undisputed that the parties, by agreement, decided that the hearing before the merit commission should be held in abeyance until the trial court had entered an order declaring whether section 24—3.1(a)(5) was constitutional or unconstitutional. The fair inference to be drawn from the statements which the parties articulated at the hearing before the court below is that the administrative hearing would be commenced before the commission after the court's ruling and that the court's interpretation of the statute would be used to guide the commission.

An analogous situation was presented to the court in *Eckells*. In that case charges were filed against the plaintiffs, and the hearings on those charges were set but not commenced. There the court of review reversed the trial court's granting of the declaratory judgment

construing certain statutes and ordinances and directed that the plaintiffs' cause of action be dismissed for failure to exhaust their administrative remedies. On that occasion the court stated:

> "When a matter is pending before an administrative body which is properly acting under a statutory grant of power, declaratory judgment proceedings cannot be commenced subsequently in the circuit court to obtain findings and opinions to affect, control or guide the outcome of the proceeding before the administrative body." *Eckells v. City Council* (1959), 23 Ill. App. 2d 360, 363.

In *Coles-Moultrie Electric Cooperative v. City of Charleston* (1972), 8 Ill. App. 3d 441, 289 N.E.2d 491, the plaintiff sought a declaratory judgment construing a municipal ordinance. The question of the validity of that ordinance was then pending before an administrative body. In upholding the trial court's decision to dismiss the complaint for declaratory judgment, the appellate court pointed out that even if the administrative body did not have authority to pass upon the validity of the ordinance, the plaintiff could later seek a determination of the ordinance's validity upon administrative review of the agency's decision. Thus, under the authority of *Coles-Moultrie*, the merit commission's contention below, that the trial court was the only forum available to determine the constitutionality of the statute and thus the declaratory judgment action should proceed first, lacks merit.

■ In light of the holdings and rationale of *Coles-Moultrie* and *Eckells*, we believe that the trial court's order awarding judgment against the plaintiff and for the defendants must be vacated and the cause remanded with directions that the complaint be dismissed, because the plaintiff has not exhausted his administrative remedies.

The parties may then proceed before the merit commission. After the commission has rendered its decision, the circuit court can, if requested, review that decision.

Because of our finding that the plaintiff must exhaust his administrative remedies, we do not reach the merits of the plaintiff's claims. Accordingly, the judgment of the trial court is vacated and this cause is remanded with instructions that an order be entered dismissing the plaintiff's complaint for declaratory judgment and injunctive relief.

Vacated and remanded, with instructions.

NASH, J., concurs.

JUSTICE REINHARD, dissenting:

The doctrine of exhaustion of administrative remedies is a rule which requires that a party aggrieved by administrative action ordinarily cannot seek judicial review in the courts without pursuing all administrative remedies available to him. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 357-58, 326 N.E.2d 737.) An exception to this general rule is that a party need not exhaust administrative remedies if the alleged constitutional infirmity is found in the terms of a statute. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552, 359 N.E.2d 113.) However, if the statute is valid on its face but is applied in a discriminatory or arbitrary manner, the challenging party must pursue administrative remedies before seeking judicial relief. (65 Ill. 2d 543, 552.) Also, in order to come within this exception, a plaintiff must point to language in the statute which, without more, reasonably can be said to violate a specific constitutional guarantee. *Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 87, 383 N.E.2d 964.

In the instant case, plaintiff's complaint for declaratory judgment alleged that section 24—3.1(a)(5) (Ill. Rev. Stat. 1979, ch. 38, par. 24—3.1(a)(5)) violated his rights both under the equal protection and due process clauses of the fifth and fourteenth amendments of the United States Constitution. An attack on equal protection grounds may be a facial attack and as such fall within the above exception. (See, *e.g.*, *Director of the Department of Agriculture v. Carroll Feed Service, Inc.* (1980), 83 Ill. App. 3d 164, 403 N.E.2d 762.) Plaintiff has raised the argument that the statute unconstitutionally differentiates between police officers confined in a mental hospital within the past five years and other police officers who have been a patient in a mental hospital beyond the five-year period or who have been treated on an out-patient basis. Thus, there is a sufficient attack facially as to the constitutionality of the statute to warrant judicial review without requiring exhaustion of administrative remedies.

The substance of plaintiff's due process argument is that the statute making it a criminal offense to possess a firearm if the person has been a patient in a mental hospital within the past five years does not provide for a discretionary administrative hearing to rebut the presumption of unfitness which the appellate court in *Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 391 N.E.2d 758, held was present under sections of "An Act relating to acquisition, possession and transfer of firearms ***" (Ill. Rev. Stat. 1979, ch. 38, par. 83—1 *et seq.*) for persons making application for a firearm owner's identification card. In my opinion, the challenge here brings into question the constitutionality of the statute beyond its application

to the specific facts of this case but as applied to all law enforcement officers. There is no question of fact which requires the administrative agency's expertise for determination, nor does the majority opinion indicate what factual question requires the administrative agency's review. The issue presented is one of statutory interpretation.

The majority opinion relies on *Eckells v. City Council* (1960), 23 Ill. App. 2d 360, 163 N.E.2d 107, for the proposition that where charges are already pending against the plaintiff in an administrative disciplinary hearing one cannot proceed into court to challenge even facially the validity of a statute or ordinance. I think that the holding in *Eckells* has long since ceased to be the law. (See, *e.g.*, *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113; *City of Chicago v. Pollution Control Board* (1975), 59 Ill. 2d 484, 322 N.E.2d 11; *Board of Education v. Eckmann* (1982), 103 Ill. App. 3d 1127, 432 N.E.2d 298.) Moreover, *Coles-Moultrie Electric Cooperative v. City of Charleston* (1972), 8 Ill. App. 3d 441, 289 N.E.2d 491, also relied upon by the majority is not pertinent authority on the issue raised here. In *Coles-Moultrie*, the appellate court found no abuse of discretion in the trial court's dismissal of a complaint seeking a declaratory judgment where the issue sought to be decided was pending before the Illinois Commerce Commission. The decision was not based upon exhaustion of administrative remedies doctrine, but upon the trial court's exercise of discretion in declining to grant declaratory relief. For these reasons I would review the constitutional issues raised before this court by the plaintiff.