SEUL'S INCORPORATED, d/b/a Seul's Tavern and Grill, Plaintiff-Appellant, v. ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—91—2399

Opinion filed December 31, 1992.—Rehearing denied February 18, 1993.

Feeley & Hielscher, Ltd., of Winnetka, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Tanya Solov, Assistant Attorney General, of Chicago, of counsel), for appellees Illinois Liquor Control Commission and Albert D. McCoy.

Arnstein & Lehr, of Chicago (Arthur L. Klein, Everette M. Hill, Jr., and Bruce A. Bode, of counsel), for other appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Seul's Incorporated, d/b/a Seul's Tavern and Grill, a licensed restaurant and tavern, was found in violation of section 16—15(1) of chapter 16 of the Code of Ordinances of the Village of Northfield (hereinafter the Code), prohibiting the sale of liquor to persons under 21 years of age. Donald Hayes, a bartender at Seul's and agent of plaintiff, sold a beer to Peter Delalis, a police agent who was 20 years old at the time of the incident. At the administrative hearing, plaintiff claimed the defense of entrapment which was rejected by the Local Liquor Commissioner (hereinafter Commissioner). Plaintiff was found in violation of the Code. A sanction was imposed, and plaintiff appealed to the State Liquor Control Commission (hereinafter Commission). The Commission found that the Commissioner had acted properly under the law in making his decision. The matter was brought to the circuit court for administrative review. Plaintiff's motion for summary judgment was denied and an order was entered dismissing the complaint.

On appeal, plaintiff contends that (1) the trial court's denial of plaintiff's motion for summary judgment was improper where it was clear that the Commissioner improperly considered prior offenses in his determination of plaintiff's Code violation; (2) the trial court improperly dismissed plaintiff's complaint; and (3) assuming *arguendo* that the trial court was authorized to dismiss plaintiff's complaint, its order was improper because the Commissioner proceeded outside of the scope of his administrative authority.

We reverse.

A sting operation was conducted by the Northfield police department on October 6, 1989. Delalis, a police agent, just 17 days short of his 21st birthday, attempted to purchase beer in all six of the establishments licensed to serve liquor in the Village of Northfield. He testified that he entered Seul's at 7:50 p.m. Delalis did not recall how he got the bartender's attention, but he stated that the bartender asked him what he wanted to drink. Delalis ordered a Miller Genuine Draft.

Hayes, the bartender, was arrested by a police officer shortly after serving Delalis the beer. He presented the affirmative defense of entrapment at a bench trial in the circuit court of Cook County. Hayes was found not guilty based on the defense of entrapment. The circuit court discussed its decision as follows:

"This Court was shocked when it first saw the State's main witness sitting in the jury box and he was called as obviously the person that was under age. This Court could not believe that he was under the age of 21 years. Now he's just 21 years. This Court thought that he was the detective in charge of the case. *** I certainly thought that he was 25 years of age, and it makes a difference as far as entrapment.

*** It's on the record the witness's height, his weight, but what's not shown on the record is his poise, his demeanor, his voice. You put this together with the fact that he's unshaven for a couple of days, he's husky, he has hair on his chest, six out of six, he could go into thirty bars and I'd like to congratulate the person that does card him, because he simply does not look 20 years of age."

Delalis described his attire as black baggy pants and a button-down white long-sleeved shirt. The top of the shirt was unbuttoned enough to show his chest hair. The witness recalled that he did not shave for two days prior to the incident. Delalis testified that he was not given a specific directive as to how to dress for his assignment that day. However, one of the regulations of the Northfield police department prohibits having facial hair while at work. This regulation was in effect on the day of his involvement in the sting operation. Delalis testified that he just "showed up unshaven" because he was not required to be in uniform that day. Nevertheless, his decision to remain unshaven for two days prior to his assignment was described by the Commissioner as a "creative act."

Hayes testified that he did not ask Delalis for identification because he looked "[a]t youngest, 25 or so." He further testified that Delalis was accompanied by a known police officer. Delalis testified that he was not "carded" in any of the six establishments he entered on the evening in question.

Hayes and the proprietor of another establishment involved in the sting operation both testified that Delalis looked about 25 or 26 years old. However, the Northfield chief of police gave a number of reasons for choosing Delalis to act as a decoy. Two of the reasons were that he (the chief) had no other employee under 21 years of age, and he felt that Delalis appeared to be a young man.

Mary Seul, one of the owners of Seul's Tavern and Grill, also testified at the hearing. She gave some background about the establishment and her involvement with it. In her testimony, she admitted to having violated the prohibition against selling liquor to minors on prior occasions. Besides the direct testimony presented, the Commissioner took "administrative notice" of three previous underage violations. The Commissioner made several recommendations based on the evidence presented.

Plaintiff appealed the Commissioner's decision to the Commission. The Commissioner's decision was affirmed by the Commission. Plaintiff's petition for rehearing was denied. Plaintiff filed a complaint for administrative review in the circuit court of Cook County and, while the case was pending, filed a motion for summary judgment. This motion was based on the limited ground that the Commissioner improperly considered evidence not presented at the hearing in the trial court in support of his order. Plaintiff's motion for summary judgment was denied and the court dismissed plaintiff's complaint. It is from this decision that plaintiff appeals.

First, plaintiff contends that the trial court's denial of its motion for summary judgment was improper. Specifically, it argues that the Commissioner failed to confine his order to the evidence presented at the hearing. This appeal was brought under the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 et seq.) (hereinafter the Act). The relevant portion of the Act states as follows:

> "§3—110. Scope of Review. Every action to review any final administrative decision shall be heard and determined by the court with all convenient speed. The hearing and determination shall extend to all questions of law and fact presented by the entire record before the court. No new additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court. The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." Ill. Rev. Stat. 1987, ch. 110, par. 3—110.

Illinois law requires that an administrative agency limit its decision to facts, data, and testimony which appear in the record. (*Hazelton v. Zoning Board of Appeals* (1977), 48 Ill. App. 3d 348, 351.) Furthermore, the court in *Hazelton* has stated that "[t]he rationale for restricting findings to evidence produced at the hearing is that due process of law requires that all parties have an opportunity to cross-examine witnesses and to offer evidence in rebuttal." *Hazelton*, 48 Ill. App. 3d at 351.

Plaintiff's motion for summary judgment was based on its contention that the Commissioner improperly considered certain evidence in determining his order. The Commissioner took "administrative notice" of plaintiff's prior violations, notwithstanding the testimony and documents introduced at the hearing. This "notice" contributed to the Commissioner's conclusions. First, he concluded that plaintiff was predisposed to commit the offense and therefore the affirmative defense of entrapment was defeated. Second, the Commissioner concluded that plaintiff's license should be suspended.

Defendant argues that Seul's prior violations are admissible under *Spiros Lounge, Inc. v. Illinois Liquor Control Comm'n* (1981), 98 Ill. App. 3d 280, 286, which states that " '[m]isconduct of a licensee, for which disciplinary action has previously been administered, may be considered in a subsequent proceeding *** in conjunction with new evidence of misconduct.' " (*Spiros*, 98 Ill. App. 3d at 286, quoting *Childers v. Liquor Control Comm'n* (1966), 67 Ill. App. 2d 107, 114.) However, this holding may be distinguished as it applies to the instant case. In *Spiros*, prior violations were introduced at the hearing and for a limited purpose. The relevant facts in *Spiros* are as follows:

> "[E]vidence was introduced regarding a prior suspension of Spiros' liquor license on May 11, 1979. The Commissioner allowed this evidence to be entered for the suggested purpose of assessing the severity of the penalty that could be imposed." (*Spiros*, 98 Ill. App. 3d at 283.)

Evidence of plaintiff's prior violations was used improperly when the Commissioner took "administrative notice" of this information. The record indicates that the Commissioner agreed to allow this evidence for a limited purpose. This limitation was not heeded by the Commissioner.

In keeping with the ruling of the United States Supreme Court, the Illinois Supreme Court has stated the following:

> "It is fundamental that a decision pursuant to an administrative hearing must be based upon testimony and other evidence received at the hearing and that a conclusion influenced by extraneous considerations must be set aside. (*Morgan v. United States*, 298 U.S. 468, 80 L. Ed. 1288.)" *Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 247.

Plaintiff's alleged prior violations certainly influenced the decision of the Commissioner. Further, plaintiff was denied any opportunity to cross-examine and offer evidence in rebuttal. We therefore find that the trial court's order was improper and plaintiff is entitled to summary judgment as a matter of law.

Next, we turn to plaintiff's second argument on appeal. Plaintiff contends that the trial court improperly dismissed its complaint without a hearing as required by statute. In *Drezner v. Civil Service Comm'n* (1947), 398 Ill. 219, this issue was addressed as follows:

> "The act [Administrative Review Act] provides for the procedure to be followed in obtaining a review of the administrative body's decision by the superior or circuit court. The act must be followed and its provisions are meant to be followed in entirety and not in any perfunctory manner. When the complaint was filed herein in the superior court, it was the duty of the judge in that court to hear the arguments and to review the proceedings thoroughly before making his decision. *** The legislature did not intend that the act should be so lightly followed nor was it intended nor does the law allow a stamp of approval to be placed on the findings of an administrative agency merely because such agency heard the witnesses and made the requisite findings." *Drezner*, 398 Ill. at 231.

The record indicates that what was before the trial court for administrative review was plaintiff's motion for summary judgment and defendants' response and countermotion for summary judgment. Yet the court's order denied plaintiff's motion for summary judgment and dismissed its complaint in administrative review. The Act requires Illinois courts to ensure that there is due process in administrative hearings. *Reich v. City of Freeport* (7th Cir. 1975), 527 F.2d 666, 671; see also *Lavin v. Civil Service Comm'n* (1974), 18 Ill. App. 3d 982.

The manner in which the trial court dealt with plaintiff's motion for summary judgment and complaint indicates that plaintiff was not afforded a hearing as required by statute. The objection by counsel to the trial court's order denying plaintiff's motion for summary judgment and dismissing its complaint in administrative review reflects how the proceedings were conducted. The objection was as follows:

> "I've read the order. And I have one objection to the order. The one thing that came before you today was *not the complaint on the administrative review*. It was the motion for summary judgment." (Emphasis added.)

The record states that in preparation for the hearing the trial judge "reviewed all of the pertinent pleadings" concerning plaintiff's motion for summary judgment. A cause of action for administrative review requires, pursuant to statutory law, that the plaintiff have the opportunity to fully present his argument.

For the foregoing reasons, we reverse the trial court's order denying plaintiff's motion for summary judgment and reverse the trial court's order dismissing the complaint. Our reversal is based on the first two issues raised on appeal. Therefore, we need not address plaintiff's third contention.

Reversed.

JIGANTI, P.J., and LINN,* J., concur.

---

*Justice Linn participated in the disposition of this case prior to his retirement.