No. 3--97--0172

No. 3--97--0207

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

MICHAEL HUFF, ) Appeal from the Circuit Court

) for the 14th Judicial Circuit,

Plaintiff-Appellant, ) Rock Island County, Illinois 

)

v. )

) 

ROCK ISLAND COUNTY SHERIFF'S )

MERIT COMMISSION, CRAIG )

WONDERLICH, Chairman, ROBERT )

ELLISON, and WILLIAM HAAS, ) No. 96--MR--28

Members of the Rock Island ) 

County Sheriff's Merit )

Commission, MICHAEL GRCHAN, )

Sheriff of Rock Island )

County, Rock Island, Illinois,)

and the COUNTY OF ROCK ISLAND,)

ILLINOIS, ) Honorable

) Joseph F. Beatty

Defendants-Appellees. ) Judge, Presiding

MICHAEL HUFF, ) Appeal from the Circuit Court

) for the 14th Judicial Circuit,

Plaintiff-Appellee, ) Rock Island County, Illinois 

)

v. )

) 

ROCK ISLAND COUNTY SHERIFF'S )

MERIT COMMISSION, CRAIG )

WONDERLICH, Chairman; ROBERT )

ELLISON and WILLIAM HAAS, ) No. 96--MR--28

Members of the Rock Island ) 

County Sheriff's Merit )

Commission; and the COUNTY )

OF ROCK ISLAND, ILLINOIS, ) 

) 

Defendants-Appellees and )

Separate Appellants, )

) 

and ) 

)

MICHAEL GRCHAN, )

Sheriff of Rock Island ) 

County, Rock Island, Illinois ) Honorable

) John O'Shea

Defendant-Appellant. ) Judge, Presiding

_____________________________________________________________

MODIFIED UPON DENIAL OF REHEARING 

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

This case is but one chapter in a lengthy dispute concerning officer misconduct.  The defendant, Rock Island County Sheriff's Merit Commission (Commission), found the plaintiff, Sergeant Michael Huff, guilty of neglect of duty and terminated his employment with the sheriff's department.  The trial court upheld the finding of guilt, but found Huff's dismissal to be unreasonable and remanded the case to the Commission.  The Commission subsequently reduced the punishment to a demotion and a suspension, and the trial court affirmed that decision.  Huff appeals the Commission's decision regarding his demotion and suspension (3--97--0207).  The Sheriff and the Commission appeal the trial court's decision that the original discharge determination was unreasonable (3--97--0172).  For the reasons which follow, we affirm 3--97--0172 and reverse in part 3--97--0207.

FACTS

In August of 1995, Sgt. Huff and a fellow sheriff's deputy responded to a domestic violence call.  When they arrived at the scene, the victim requested that the officers remove the alleged aggressor from the premises.  Sgt. Huff recognized the aggressor to be a Rock Island County sheriff's correctional officer.  Consequently, he called the state police to handle the dispute.  Sgt. Huff left the scene before the state trooper arrived, leaving the deputy to wait for the trooper.  Later in his shift, Sgt. Huff contacted the state trooper and thanked him for dealing with the call.  He did not request an incident report.  

Section 60/304 of the Domestic Violence Act (Act) requires that every officer who does not make an arrest must make a police report of any bona fide allegation of an incident of abuse. 735 ILCS 60/304(b)(1)(West 1996).  In addition, the Rock Island County sheriff's police domestic violence manual mandates that whenever an officer receives a report of any offense committed between family members or in a household, an incident report must be prepared whether or not an arrest was made.  Sgt. Huff did not complete a domestic violence report until several weeks after the incident when his supervisor, Captain Gould, requested that he do so. 

Subsequently, Michael Grchan, the sheriff of Rock Island County (Sheriff), filed a complaint with the Commission charging Sgt. Huff with neglect of duties and alleging cause to discipline.  According to the Rock Island County Sheriff Police Rules and Regulations, the Sheriff has the authority to discipline officers for police misconduct.  In addition, the Sheriff may bring charges against any officer before the Commission.  Conduct that is detrimental to the discipline and efficiency of the department is punishable by the Commission by:  (1) written reprimand; (2) reduction in rank, suspension, or both; or (3) discharge.  

Prior to the Commission hearing, Sgt. Huff requested the recusal of the chairman of the Commission, Craig Wonderlich, claiming his affiliation with the Sheriff’s re-election campaign two years prior was sufficient evidence of bias.  He also asked that Commissioner Robert Ellison be removed because he was prejudiced based on comments he made during a previous lawsuit in which he referred to Sgt. Huff as "the thorn in our side."  Ellison responded that he did not remember the previous suit or the statement.  Both members individually considered the request and refused to step down.  

During the hearing, Sgt. Huff admitted committing all charges but maintained that his actions did not amount to officer misconduct.  After hearing testimony from the parties and several witnesses, the Commission found Sgt. Huff guilty of misconduct.  In closing, Commissioner Ellison stated he did not think that the charges of misconduct warranted dismissal.  During the aggravation and mitigation portion of the Commission hearing, the Sheriff attempted to present a Silvis police enforcement officer as a witness.  Her testimony concerned an alleged incident of domestic violence involving herself and Sgt. Huff.  The Commission excluded her as a witness, finding the subject matter of her testimony irrelevant and speculative.  
The Sheriff also presented letters of suspension previously issued against Sgt. Huff.  While a sergeant, he was suspended two days for failure to properly supervise and perform the duties of a sergeant.  He was also suspended one day for inappropriately calling out an investigator.  In response, Sgt. Huff introduced several letters of accommodation and citizen appreciation he received while an officer in the department.
  At the conclusion of the hearing, the Commission terminated Sgt. Huff's employment with the department.   

Sgt. Huff filed suit in the circuit court challenging the Commission's decision, and the Sheriff filed a counterclaim alleging that the Commission improperly excluded the Silvis officer's testimony.  The trial court concluded that the determination of Sgt. Huff's guilt and the exclusion of the Sheriff's witness were proper.  However, the court remanded the cause and ordered the Commission to consider a lesser penalty.  Under written protest, the Commission reduced the penalty to a demotion to deputy as of the date Sgt. Huff engaged in the wrongful conduct.  In addition, the Commission imposed a 180 day suspension without pay as of the date he was found guilty plus a suspension without pay for the period of time Sgt. Huff was suspended by the Sheriff prior to the Commission's determination.  The trial court affirmed. Sgt. Huff appeals the Commission’s decision ordering his demotion and suspension (3--97--0207), and both the Commission and the Sheriff appeal the trial court’s order to reduce the penalty (3--97--0172).   

ANALYSIS

Recusal of Commission Members (3--97--0207)

Under the law of administrative review, an administrative hearing is required to provide due process. 
Seul's Inc. v. Liquor Control Comm’n
, 240 Ill. App. 3d 828, 608 N.E.2d 530 (1992).  A fundamental principle of due process, applicable to administrative agencies and commissions, is that no person who has a personal interest in the subject matter of a suit may sit in judgment on that case. 
In re Heirich
, 10 Ill. 2d 357, 140 N.E.2d 825 (1956).  A personal interest or bias can be pecuniary, or any other interest that may have an effect on the impartiality of the decision-maker. 
City of Naperville v. Wehrle
, 340 Ill. 579, 173 N.E. 165 (1930).  To prove bias, the plaintiff must overcome a presumption of honesty by showing in the record that the administrative proceedings were either tainted by dishonesty or contained an unacceptable risk of bias. 
Caliendo v. Martin
, 250 Ill. App. 3d 409, 620 N.E.2d 1318 (1993).

 Sgt. Huff contends that because Commission chairman Wonderlich was the chairman of the Sheriff's re-election committee two years prior to the hearing, Wonderlich was biased and should have recused himself.  

Sgt. Huff's argument fails to set forth a genuine claim of impartiality.  The fact that the chairman served as the Sheriff's campaign manager two years prior to the hearing does not, standing alone, prove the existence of impropriety.  See 
People v. McLain
, 226 Ill. App. 3d 892, 589 N.E.2d 1116 (1992) (plaintiff's attorney serving as trial judge's previous campaign manager was insufficient to show bias).  These accusations of bias based on a past relationship, without evidence that a close personal relationship is on-going, do not demonstrate an unacceptable risk of bias.  In addition, the record does not indicate that Wonderlich decided this case before objectively reviewing all the evidence.  Thus, we find that Sgt. Huff failed to adequately demonstrate that Commission chairman Wonderlich was biased.

Sgt. Huff also contends that Commissioner Ellison's bias against him further tainted the proceedings.

Sgt. Huff attempts to make such a showing by pointing to Ellison's flippant remark in a prior hearing in which he referred to Sgt. Huff as "the thorn in our side."  However, this statement was made two years prior to these proceedings.  Ellison stated that he did not even remember the prior lawsuit or the remark until counsel brought it to his attention.  Hence, the record does not support Sgt. Huff's contention that the Commission's proceedings were tainted because Commissioner Ellison was biased or prejudiced against him.  Accordingly, we conclude that the Commission did not deprive Sgt. Huff of any due process rights during the hearing. 

Sgt. Huff also asserts that the Commission members’ individual determination not to recuse themselves was improper.  We disagree.

The Commission hears cases prosecuted by the Sheriff as a three-member tribunal.  Its function is judicial in nature because it must determine whether or not the Sheriff’s charges against an employee sufficiently warrant discharge.  Thus, the Commission members consider and decide the outcome of each case as judges.  See 
Mank v. Board of Fire and Police Commissioners
, 7 Ill. App. 3d 478, 288 N.E.2d 49 (1972).  As such, it is appropriate for each member to consider his own personal bias or prejudice and determine for himself whether his recusal is necessary. See 134 Ill. 2d R. 63(C)(1) (a judge should disqualify 
himself
 from a proceeding in which his impartiality may be questioned)(emphasis added).  Accordingly, it was proper for each member to make the determination personally on whether to recuse from consideration of Huff's case.     

Commission's Determination of Guilt (3-97-0207)

Our review of an administrative decision extends to all questions of law and of fact presented by the record before this court. 735 ILCS 5/3--110 (West 1996); 
Granite City Community Unit School District No. 9 v. Illinois Educational Labor Relations Board
, 279 Ill. App. 3d 439, 664 N.E.2d 1060 (1996).  But, an appellate court may reverse the findings of a civil service commission only when those findings are contrary to the manifest weight of the evidence. 
Walsh v. Board of Fire & Police Commissioners of Village of Orland Park
, 96 Ill. 2d 101, 449 N.E.2d 115 (1983).

The Commission found Sgt. Huff guilty of seven counts of neglect of duty.  In light of the fact that Sgt. Huff admitted that he committed all seven of the incidents of misconduct alleged in the complaint, this ruling was not against the manifest weight of the evidence.

Nevertheless, Sgt. Huff claims that his actions did not amount to misconduct.  He claims that the Act only requires an officer to complete a report in cases of a bona fide incident of abuse and that the domestic call in August of 1995 was not a bona fide incident.  Sgt. Huff, however, ignores that the county domestic violence manual requires an incident report for every substantiated or unsubstantiated domestic incident call.  Sgt. Huff's failure to comply with the manual directive does amount to misconduct.  Accordingly, we affirm the Commission's determination of guilt.

Exclusion of Testimony (3--97--0172)

Section 5/3--111(b) of the Administrative Review Law provides that evidentiary errors in administrative proceedings will not constitute grounds for reversal "unless it appears to the court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him or her."  735 ILCS 5/3--111(b)(West 1996).  Strict rules of evidence do not apply before an administrative agency. 
Giampa v. Illinois Civil Service Comm’n
, 89 Ill. App. 3d 606, 411 N.E.2d 1110 (1980). 

The Sheriff contends that the Commission's decision to exclude the Silvis officer's testimony materially affected his rights and constituted reversible error. 

The Sheriff alleged that the officer's testimony provided the necessary link to prove that Sgt. Huff had a propensity to fail to enforce domestic violence laws.  But he did not offer any evidence to corroborate this allegation.  Thus, the correlation between the officer's testimony and Sgt. Huff's tendency to ignore policy guidelines was merely speculative. Furthermore, the exclusion did not result in a substantial injustice to the Sheriff.  The Sheriff would have this court believe that he was prejudiced because the Commission's initial discharge determination was rejected.  However, on remand the Commission decided to demote and suspend Sgt. Huff, and this decision was affirmed by the circuit court without the officer's additional testimony.  Thus, it does not appear that this error materially affected the rights of the Sheriff.  Accordingly, we hold that the exclusion of the Silvis officer's testimony was not reversible error. 

Discharge Determination (3--97--0172)

The appellate court's role is to review the administrative determination, not the circuit court's decision. 
Loveland Management Corp. v. Board of Review of Department of Employment Sec.
, 166 Ill. App. 3d 698, 520 N.E.2d 1070 (1988).  Thus, we must determine whether the Commission's findings of fact provided a sufficient basis for their conclusion that cause for discharge did exist. See 
Walsh
, 96 Ill. 2d 101, 449 N.E.2d 115.  An administrative decision to discharge an officer demands our deference and will only be overturned if the discharge was arbitrary and unreasonable, or unrelated to the requirements of the service. 
Launius v. Board of Fire & Police Commissioners of City of Des Plaines
, 151 Ill. 2d 419, 603 N.E.2d 477 (1992).   

The Sheriff and the Commission contend that the Commission's decision to terminate Sgt. Huff was reasonable due to his failure to comply with the county manual and the Act.  They argue that because the Act provides for damages for neglecting to perform required duties, Sgt. Huff's failure to file a report inexcusably jeopardized the department.  This argument is misplaced.  

Under the Act, a report must be filed only in cases of a bona fide incident of abuse. 750 ILCS 60/304(b)(West 1996).  When Sgt. Huff arrived at the scene, there was no evidence of violence or abuse.  The victim alleged that the other party struck her on the head and the other party denied any such action.  No report was filed by the state trooper and no arrest was made.  Therefore, Sgt. Huff was not required to file a report under the Act because the incident was never verified by the state trooper as a bona fide incident of domestic violence.

Sgt. Huff's failure to file a report of an incident for which the state police were assigned does not reasonably require his termination as an officer of the peace.  Huff's record indicates that 
on more than one occasion
 he failed to file requested documentation 
as
 
that
 is the responsibility of a Sargeant.  
But his record also contains numerous letters of appreciation regarding his work both as a deputy and a sergeant, several of which are signed by the Sheriff.
  
But
 Furthermore,
 there is no evidence in the record which indicates that Sgt. Huff can no longer adequately fulfill his duties as a patrol or deputy police officer.  
While Sgt. Huff's inability to complete ministerial tasks demonstrates that he should no longer serve the county as a sergeant, it is not of such a grievous nature as to reasonably allow for his termination
.
  Accordingly, we hold that the Commission's decision to discharge Sgt. Huff was arbitrary and unreasonable.

Demotion and Suspension (3--97--0207)

A county and its elected sheriff have broad discretion in supervising the police force, but they may not act in an arbitrary manner or in bad faith. 
Martin v. Matthys
, 149 Ill. App. 3d 800, 501 N.E.2d 286 (1986).  It is well established that a court reviewing an agency's decision is limited in its review and cannot substitute its judgment for that of an agency. 
Jones v. Peoria County Sheriff's Merit Comm’n
, 249 Ill. App. 3d 833, 619 N.E.2d 830 (1993).  

Sgt. Huff's demotion was related to the needs of the service of Rock Island County.  Sgt. Huff was a supervisor of the police department, and on the night in question he was the commanding officer.  As the commanding officer he was responsible for implementing policy guidelines and directing assigned personnel.  His display of a lack of assertiveness and his example of failing to complete reports can be harmful to the prestige and efficiency of the department.  Thus, a demotion to deputy status was not arbitrary or unreasonable. 

Sgt. Huff also argues that the 216 day suspension is violative of the conditions set forth in section 3--8014 of the Sheriff's Merit System Law. 

Section 3--8014 of the Sheriff’s Merit System Law states, in part:  

"*** Upon filing of such a petition, the sheriff may suspend the certified person pending the decision of the Commission on the charges. 

***

If the charges against the accused person are established, the Commission shall make a finding of guilty and order either removal, demotion, loss of seniority, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Commission which, in the opinion of the members thereof, the offense justifies." 55 ILCS 5/3--8014 (West 1996). 

The task of statutory construction is to ascertain and give effect to the intent of the legislature. 
People v. Scharlau
, 141 Ill. 2d 180, 565 N.E.2d 1319 (1990).  When the intention of the legislature is clearly expressed, the plain meaning of the statute must be given effect. 
City of Chicago v. Strauss
, 128 Ill. App. 3d 193, 470 N.E.2d 563 (1984).    

Sgt. Huff reads the words "not more than 180 days" as the maximum period allowed for a suspension without pay.  This interpretation fails to recognize the statute's plain language.  The statute provides for two possible suspensions:  one implemented by the Sheriff pending the Commission hearing, and another ordered by the Commission as prescribed under the rules and regulations of the department.  Thus, the 216 day suspension was not unlawful.

Sgt. Huff also contends that the discipline imposed, combining both a demotion and a suspension, is not authorized by law.  

Under the terms of section 3--8014, the legislature delegated the determination of disciplinary punishment to each county Commission. See 55 ILCS 5/3--8014 (West 1996).  The Rock Island County sheriff's department rules and regulations provide that the Commission may impose a penalty for conduct that is detrimental to the discipline and efficiency of the department.  The penalty for a first time offense may be a reduction in rank, suspension or both, whichever the offense justifies. Rock Island County Sheriff's Police Rules and Regulations, Merit Commission Offense and Penalties, 133 (1993).  Accordingly, we hold that the imposition of a demotion and a suspension is authorized by the rules and regulations of the sheriff's department.  See Rock Island County Sheriff's Police Rules and Regulations, ch. 25.2 (1993).  

Finally, Sgt. Huff contends that the Commission's decision to apply the demotion to the date of his wrongful conduct was erroneous.  We agree.

The Commission is a creature of statute and may exercise only those powers directly provided by statute. 
Greco v. McHenry County Sheriff's Department Merit Commission
, 267 Ill. App. 3d 303, 642 N.E.2d 177 (1994).  It does not have the power to act beyond the scope of the Sheriff’s Merit System Law, and any rule of the Commission which conflicts with this statute is invalid. 
People ex rel. Kilquist v. Brown
, 203 Ill. App. 3d 957, 561 N.E.2d 234 (1990).  

The plain language of section 3--8014 of the Sheriff’s Merit System Law does not allow the Commission to order disciplinary punishment prior to the date it makes a finding of guilt.  Here, the Commission entered its determination of guilt on November 22, 1995.  Thus, the retroactive demotion ordered by the Commission which dated back to August 1995 was unlawful and erroneous.  Accordingly, we hold that the demotion and the 216 day suspension are reasonable and lawful; however, the retroactive demotion is unlawful.  

Based on the above discussion we hold that: (1) the evidence does not support Sgt. Huff's contention that the Commission members were prejudiced against him, and their self-determination of recusal was appropriate; (2) the Commission’s finding of guilt was not against the manifest weight of the evidence; (3) the Commission did not abuse its discretion by excluding the Silvis officer’s testimony; (4) the Commission’s decision to discharge Sgt. Huff was unreasonable and arbitrary; and (5) the Commission’s order implementing a retroactive demotion was unlawful.   

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed in 3--97--0172, and reversed in part in 3--97--0207.

No. 3--97--0172   Affirmed.

No. 3--97--0207 Reversed in part.

 McCUSKEY, P.J., and HOMER, J., concurring.