BRENDA GOODWIN, Plaintiff-Appellee, v. THE McHENRY COUNTY SHERIFF'S OFFICE MERIT COMMISSION, Defendant (Keith Nygren, as Sheriff of McHenry County, Defendant-Appellant).

Second District No. 2—98—1604

Opinion filed July 9, 1999.

James T. Harrison, Robert W. Funk, and Brian D. McCarthy, all of Harrison Law Offices, P.C., of Woodstock, for appellant.

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The plaintiff, Brenda Goodwin, filed this complaint for declaratory and injunctive relief against the defendants, the McHenry County Sheriff's Office Merit Commission (the Merit Commission) and Keith Nygren, as sheriff of McHenry County (the Sheriff), seeking to enjoin the Merit Commission from hearing disciplinary charges brought against Goodwin by the Sheriff. The plaintiff also filed a motion for a preliminary injunction seeking the same relief. Without conducting an evidentiary hearing, the trial court entered an order prohibiting the Merit Commission from conducting proceedings on the Sheriff's disciplinary charges against Goodwin until further order of the court. Thereafter, the trial court denied the defendants' motion for reconsideration and ordered that its stay over the Merit Commission proceeding would remain in effect until the disposition of the criminal case pending against Goodwin. The Sheriff appeals from that ruling.

The record reveals that on August 20, 1998, the Sheriff filed disciplinary charges with the Merit Commission against Goodwin seeking her removal from merited employment for engaging in misconduct. Specifically, it was alleged that she falsified Sheriff's office vacation records for the pecuniary benefit of a co-employee. The Sheriff also represented that Goodwin was indicted in a criminal case for felony theft charges in connection with the incident.

On October 2, 1998, Goodwin filed a complaint for declaratory and injunctive relief in the circuit court of McHenry County seeking to temporarily and permanently enjoin the Merit Commission from addressing the disciplinary charges filed against her by the Sheriff. The complaint alleged that proceedings before the Merit Commission would violate her due process rights to a fair and impartial tribunal. Specifically, Goodwin stated that in 1996 she filed a lawsuit against McHenry County, the Sheriff, and the Merit Commission in connection with their denying her a promotional opportunity. According to Goodwin, attorney James Harrison represented McHenry County in the 1996 case and now represents the Sheriff in the present case; attorney Bruce Beal represented the Sheriff in the 1996 case and now represents the Sheriff and the Merit Commission in the present case. Goodwin further stated in her complaint seeking to enjoin the disciplinary charges that the Merit Commission had an interest in her termination because it stood to reduce her damages for lost future wages in the 1996 case. Goodwin also alleged that the Merit Commission would profit from her termination because it could then question

her standing to enforce her rights under the Counties Code (55 ILCS 5/3—8001 *et seq.* (West 1996)).

On October 26, 1998, Goodwin filed a motion before the Merit Commission asking the Merit Commission not to take any action on the disciplinary charges. She alleged that attorney William Caldwell, a special assistant State's Attorney, was retained by the Merit Commission to advise the Commission in the disciplinary proceeding and that he represented the Merit Commission in the 1996 case. She also reiterated her claim that the Merit Commission could not conduct a hearing without violating her due process rights because the 1996 case was still pending and the Merit Commission's interests were adverse to Goodwin's interests. The Merit Commission subsequently denied Goodwin's motion and set the case for hearing for December 2, 1998.

On November 20, 1998, Goodwin filed a motion in the circuit court of McHenry County for a preliminary injunction. The motion did not contain a specific prayer for relief, but, in essence, it sought an order enjoining the Merit Commission from proceeding with the disciplinary hearing scheduled for December 2, 1998. On November 23, 1998, the trial court entered an order prohibiting the Merit Commission from conducting any further proceedings on the charges filed against Goodwin until further order of the court. The trial court also gave the defendants 21 days to file a response to Goodwin's motion.

Thereafter, the Sheriff filed a motion requesting the trial court to reconsider its November 23, 1998, ruling. On December 10, 1998, the trial court entered an order denying the Sheriff's motion to reconsider. The trial court further ruled that its stay of the Merit Commission proceeding would remain in effect until the disposition of the criminal case pending against Goodwin. The trial court clarified that its November 23, 1998, order was not based on Goodwin's procedural due process argument. Rather, the court noted that it was staying the proceedings because a stay of all pending civil and administrative matters was appropriate until the criminal case was resolved. The trial court further noted that its ruling was being entered "without prejudice" to allow either party to address, following the conclusion of the criminal case, the issues raised in Goodwin's complaint to enjoin the administrative proceeding.

On appeal, the Sheriff argues that the circuit court abused its discretion when it enjoined the evidentiary hearings before the Merit Commission until the disposition of the criminal case. The Sheriff contends that Goodwin failed to exhaust her administrative remedies and that she cannot seek judicial review until the Merit Commission renders a final decision. The Sheriff also contends that Goodwin failed to demonstrate that the requirements for a preliminary injunction existed.

In response, Goodwin argues that this appeal is moot because only the Sheriff and not the Merit Commission appealed from the circuit court's ruling. Goodwin further argues that the circuit court properly stayed the case until after the disposition of the criminal case, citing *People ex rel. Hartigan v. Kafka & Sons Building & Supply Co.*, 252 Ill. App. 3d 115 (1993), and *10-Dix Building Corp. v. McDannel*, 134 Ill. App. 3d 664 (1985). Additionally, Goodwin contends that, although the trial court did not reach the merits of her due process claim, the trial court's decision granting a stay in this case was proper because her due process rights in fact would be violated if the disciplinary charges were allowed to proceed before the Merit Commission, which she claims is not an impartial tribunal.

■ We first address Goodwin's contention that this appeal is moot because the Merit Commission did not appeal. Initially, we note that Goodwin has failed to cite any authority in support of her claim, and we find her argument to be without merit. We find that the Sheriff was named as a defendant in the circuit court, was properly made a party of record, and has standing to appeal. See *Cuny v. Annunzio*, 411 Ill. 613, 617 (1952); *Wm. Aupperle & Sons, Inc. v. American National Bank & Trust Co.*, 62 Ill. App. 3d 842, 846 (1978). The trial court's ruling granting the stay was clearly adverse to the Sheriff's interests. During the pendency of this proceeding, Goodwin has been suspended with pay. Under the circumstances, the Sheriff has a strong governmental interest in timely resolving the disciplinary charges. On the other hand, the Merit Commission's role in this case is simply that of an administrative tribunal, and thus it does not have a stake in the outcome similar to that of the Sheriff. Under these circumstances, we find no merit to Goodwin's mootness argument.

We next address the issue of whether Goodwin's complaint for injunctive relief in the circuit court was barred by the exhaustion of administrative remedies doctrine.

■■ Generally, where administrative remedies are available, they must be exhausted before the resort to judicial review in the circuit court. *Ellison v. Kane County Sheriff's Office Merit Comm'n*, 108 Ill. App. 3d 1065, 1067 (1982). The purposes of requiring the exhaustion of remedies are to allow the administrative agency to fully develop and consider the facts of the cause before it; to allow the agency to utilize its expertise; to allow the aggrieved party to ultimately succeed before the agency, making judicial review unnecessary; to help protect agency processes from impairment and avoidable interruptions; to allow the agency to correct its own errors; and to conserve valuable judicial time by avoiding piecemeal appeals. *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308 (1989). While strict compliance with the

doctrine is generally required, several exceptions are recognized. *Castaneda*, 132 Ill. 2d at 308. An aggrieved party may seek judicial review of an administrative decision without complying with the exhaustion of remedies doctrine where a statute or ordinance or rule is attacked as unconstitutional on its face, where multiple administrative remedies exist and at least one is exhausted, where the agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency, where irreparable harm will result from the further pursuit of administrative remedies, or where the agency's jurisdiction is attacked because it is not authorized by statute. *Castaneda*, 132 Ill. 2d at 308-09.

■ The fact that there are clear indications that the administrative agency will rule adversely is generally insufficient to abort the administrative process. *Ellison*, 108 Ill. App. 3d at 1067. When a matter is pending before an administrative body that is properly acting under a statutory grant of power, " 'declaratory judgment proceedings cannot be commenced subsequently in the circuit court to obtain findings and opinions to affect, control or guide the outcome of the proceeding before the administrative body.' " *Ellison*, 108 Ill. App. 3d at 1069, quoting *Eckells v. City Council*, 23 Ill. App. 2d 360, 363 (1959).

■ Applying the above-mentioned principles, we find that the trial court's order granting a stay of the administrative proceedings must be reversed and the cause remanded to direct that Goodwin's complaint be dismissed for the failure to exhaust her administrative remedies. We believe that the proper procedure in this case is for Goodwin to proceed before the Merit Commission, and, if an unfavorable final decision is rendered by the agency, she may seek judicial review at that point. Goodwin does not even address the exhaustion of administrative remedies issue on appeal or argue that any of the exceptions is applicable here.

The cases cited by Goodwin in support of her bias argument (see *Huff v. Rock Island County Sheriff's Merit Comm'n*, 294 Ill. App. 3d 477 (1998); *Danko v. Board of Trustees of the City of Harvey Pension Board*, 240 Ill. App. 3d 633 (1992); *Board of Education of Niles Township High School District No. 219 v. Regional Board of School Trustees*, 127 Ill. App. 3d 210 (1984)) do not address situations where a litigant has failed to exhaust administrative remedies and thus actually support the Sheriff's position. In those cases, the parties seeking judicial review based on the bias or interest of the administrative tribunal did so after exhausting their administrative remedies. Moreover, in *Huff*, the court noted that the Merit Commission members consider and decide the outcome of each case as judges. *Huff*, 294 Ill. App. 3d at 482. As such, it is appropriate for each member to consider

his own personal bias or prejudice and determine for himself whether his recusal is necessary. *Huff*, 294 Ill. App. 3d at 482. Goodwin correctly notes that it is a fundamental violation of due process for a decision maker to hear a case while entertaining a personal interest or bias affecting his impartiality. *Huff*, 294 Ill. App. 3d at 481. However, there is a presumption of honesty, and to overcome that presumption, the plaintiff must prove bias by showing in the record that the administrative proceedings were either tainted by dishonesty or contained an unacceptable risk of bias. *Huff*, 294 Ill. App. 3d at 481; *Caliendo v. Martin*, 250 Ill. App. 3d 409, 421-22 (1993). Accordingly, we conclude that the decision of whether each member of the Merit Commission is biased is initially a question for the members of that tribunal; thereafter, Goodwin may raise that issue on judicial review after exhausting her administrative remedies.

Given our ruling that Goodwin's complaint in the circuit court is precluded at this stage by the exhaustion of remedies doctrine, we further hold that the trial court erred in staying the proceedings pending the outcome of the criminal case. Here, the trial court granted the stay without its being requested by any of the parties in this case. In order to obtain the issuance of a stay, a party must allege facts sufficient to support the issuance of a stay. *Vasa North Atlantic Insurance Co. v. Selcke*, 261 Ill. App. 3d 626, 628 (1994). No stay is generally granted without an evidentiary hearing at which the movant establishes its entitlement to relief. *Vasa*, 261 Ill. App. 3d at 628. The scope of review in an interlocutory appeal from an order granting a motion to stay proceedings is limited to a determination as to whether the trial court abused its discretion in granting the stay. *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 594 (1991).

Here, we find that the trial court abused its discretion in granting the stay. Goodwin did not request a stay before either the Merit Commission or the circuit court. Goodwin cites *People ex rel. Hartigan v. Kafka & Sons Building & Supply Co.*, 252 Ill. App. 3d 115 (1993), and *10-Dix Building Corp. v. McDannel*, 134 Ill. App. 3d 664 (1985), in support of her position on appeal that the stay was proper in this case. However, both of those cases are distinguishable because neither case involved a stay issued by the circuit court of proceedings before an administrative tribunal pending the outcome of a criminal case. Rather, the cases cited involved stays of the court's own proceeding. See *Hartigan*, 252 Ill. App. 3d at 118-19; *10-Dix*, 134 Ill. App. 3d at 667-73.

For example, in *Hartigan*, the Attorney General filed a complaint for injunctive relief against the defendant for violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat.

1985, ch. 121½, par. 261 *et seq.*). The defendant and Attorney General entered into a final judgment and consent decree that enjoined the defendant from engaging in certain complained-of business practices and required him first to resolve complaints with consumers directly; if those efforts failed, the consumer had a right to refer the matter to an expert responsible for resolving the complaints in an arbitration-like manner. *Hartigan*, 252 Ill. App. 3d at 116-17. Thereafter, the expert conducted a number of arbitrations and made some rulings against the defendant. The Attorney General sought to enforce the rulings by filing five petitions for a rule to show cause why the defendant failed to comply with various awards of the expert. *Hartigan*, 252 Ill. App. 3d at 118. When the parties appeared in the circuit court on the fifth rule to show cause, the defendant presented a motion to stay the proceedings pending the outcome of eight felony counts for forgery and theft that had been filed against him, asserting his fifth amendment privilege against self-incrimination. *Hartigan*, 252 Ill. App. 3d at 118. The trial court granted the defendant's motion and ordered all proceedings, including the arbitrations, stayed pending the resolution of the criminal charges. *Hartigan*, 252 Ill. App. 3d at 119. On review, the appellate court affirmed the trial court and noted that a party may claim the fifth amendment privilege in a pending civil matter to protect himself from involuntarily disclosing information that may implicate him criminally. *Hartigan*, 252 Ill. App. 3d at 119. The court further stated that, where a criminal action is simultaneously pending with a civil action, courts *may* stay the civil proceeding based on the fifth amendment until the resolution of the criminal matter. (Emphasis added.) *Hartigan*, 252 Ill. App. 3d at 119, citing *10-Dix*, 134 Ill. App. 3d at 672-73.

Here, we conclude that the trial court abused its discretion in granting a stay of the administrative proceeding given that Goodwin had not exhausted her administrative remedies and did not even request a stay asserting a privilege against self-incrimination. As the Sheriff points out, there is no absolute prohibition against simultaneous administrative disciplinary proceedings and related criminal proceedings. See *Kelly v. Police Board*, 25 Ill. App. 3d 559 (1975). Under the circumstances, we conclude that the trial court's order staying the proceedings must be reversed and the cause remanded to allow the trial court to enter an order dismissing the plaintiff's complaint.

Our resolution of the foregoing issues renders moot the remaining issues raised by the parties. For the foregoing reasons, the judgment of the circuit court of McHenry County is reversed, and the cause is

remanded with instructions to dismiss Goodwin's complaint for declaratory and injunctive relief.

Reversed and remanded with directions.

COLWELL and RAPP, JJ., concur.